**Carlisle COOPER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15464.**

United States Court of Appeals
Eighth Circuit.

June 8, 1956.

George C. Dyer, St. Louis, Mo. (Ray T. Dreher, James F. McCarthy and Edward E. Murphy, Jr., St. Louis, Mo., were with him on the brief), for appellant.

Robert E. Brauer and W. Francis Murrell, Asst. U. S. Attys., St. Louis, Mo. (Harry Richards, U. S. Atty., St. Louis, Mo., was with them on the brief), for appellee.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

Carlisle Cooper entered a plea of not guilty to an indictment based on 18 U.S. C. § 1621, charging that on July 1, 1952, at St. Louis, Missouri, during an official investigation by an Internal Revenue Agent of the office of the Internal Revenue Agent in Charge at St. Louis, and a Special Agent of the Intelligence Division of the Bureau of Internal Revenue, of Cooper's income tax liability and that of Andy Burger and Andy Burger Motors, a corporation, for the years 1945 to 1948 inclusive, he committed perjury by stating, while under oath, that neither he nor Andy Burger Motors, of which he was manager, during the period 1945 through 1948 received any money, in the sale of motor vehicles, in excess of the invoice price representing the amount for which the vehicles were sold. The case was tried to a jury, which returned a verdict of guilty. The District Court imposed sentence, and Cooper has appealed.

At the close of the evidence, Cooper moved for a judgment of acquittal, and, after verdict, he renewed his motion. He asserts that the trial court erred in denying the motions for a judgment of acquittal, for the following reasons: (1) that the evidence failed to prove that an

oath had been taken before a competent officer in a case in which a law of the United States authorized an oath to be administered; (2) that the sworn statement upon which the indictment is based was obtained in violation of Cooper's rights under the Sixth Amendment to the Constitution of the United States and the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., in that he was not advised of his right to counsel at the interview on July 1, 1952; and (3) that by the denial of a requested instruction the court permitted the jury to speculate upon Cooper's guilt, based on "unsworn" statements.

■ The essential elements of the crime of perjury as defined in 18 U.S.C. § 1621, are (1) an oath taken before a competent tribunal, officer, or person, (2) in a case in which a law of the United States authorizes an oath to be administered, and (3) a false statement willfully made as to a material matter. United States v. Debrow, 346 U.S. 374, 375–376, 74 S.Ct. 113, 98 L.Ed. 92.

The sufficiency of the evidence to sustain a finding of the willful making by Cooper of false statements is not subject to question.

Cooper contends that the Government failed to prove that he had taken an oath before a competent officer or person in a case in which a law of the United States authorized an oath to be administered.

Section 3614(a) of Title 26 U.S.C. provided that

"The Commissioner, for the purpose of ascertaining the correctness of any return * * * is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, * * * and may take his testimony with reference to the mat-

ter required by law to be included in such return, with power to administer oaths to such person or persons."

To establish the authority of Special Agent Robert M. Fendorf, of the Intelligence Division of the Bureau of Internal Revenue, who, together with Internal Revenue Agent John F. Corkery, was making an investigation of the tax liability of Cooper, Andy Burger and Andy Burger Motors, to conduct the hearing on July 1, 1952, and to administer an oath to Cooper, the Government offered in evidence, as Exhibit 1–A, the following letter written upon the official stationery of the office of the Commissioner of Internal Revenue, Treasury Department, which letter Special Agent Fendorf testified he had received in the ordinary course of business shortly after his appointment as a Special Agent:

"Washington 25,
October 12, 1945.

"Mr. Robert M. Fendorf,
"Special Agent, Bureau
of Internal Revenue.

"Dear Mr. Fendorf:

"In addition to the other duties assigned to you as Special Agent, you are hereby authorized and directed under the provisions of Section 3614 of the Internal Revenue Code, to examine any books, papers, records or memoranda bearing upon matters required to be included in any return required under the Internal Revenue laws.

"Under these provisions you may require the attendance of any person rendering a return, or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons.

"Very truly yours,
"Wm. Sherwood
"[Acting] Commissioner"

The defendant objected to the introduction in evidence of the letter on the grounds that it was not properly identified, that there was no indication that it was a genuine document, that there was no proof of the signature, that the letter was not under seal, that it was not properly authenticated, and that it was incompetent. The court overruled the objection. Fendorf was asked whether he had authority to administer an oath. He answered in the affirmative. The court refused to strike his answer. He testified that Cooper was sworn by him and his statement taken in shorthand and later transcribed and submitted to Cooper, who made some minor corrections, signed the statement, and was re-sworn by Fendorf.

Rudolf H. Hartmann, as a witness for the Government, testified that from 1949 to 1952 he was Senior Special Agent in charge of the Special Agents' Office, Intelligence Division of the Bureau of Internal Revenue in St. Louis; that during those years he directed the investigations performed by the Intelligence Agents from his office; that he knew Fendorf; that during the year 1952 and prior thereto Fendorf was a Special Agent with the Bureau of Internal Revenue and under Hartmann's supervision; and that the letter, Exhibit 1–A, was a form letter which was given to each Special Agent, signed by the Commissioner of Internal Revenue. A request by the defendant that Hartmann's testimony as to the letter being signed by the Commissioner be stricken on the ground of lack of foundation, was overruled. Hartmann then testified that he had seen the letter before; that each Special Agent had one; that he had received the letter in the usual and ordinary course of business in his office; that he gave it to Fendorf; and that during the years 1949, 1950, 1951 and 1952 Fendorf performed an investigation under Hartmann's supervision or direction relating to the tax liabilities of Adolph C. Burger (also known as Andy Burger), Andy Burger Motors, and Carlisle Cooper, in St. Louis.

We are urged to rule that there was no adequate evidentiary basis for a finding that Fendorf had authority to conduct the investigation on July 1, 1952, or to administer an oath to Cooper, and that, for that reason, the District Court should have directed a verdict of acquittal. We think that there was sufficient evidence to sustain the finding implicit in the jury's verdict that Special Agent Fendorf was conducting an investigation which he was authorized by law to conduct, and that he had administered an oath which he was authorized to administer. This conclusion, we think, is supported by implications to be drawn from such cases as Caha v. United States, 152 U.S. 211, 216–222, 14 S.Ct. 513, 38 L.Ed. 415; Wynne v. United States, 217 U.S. 234, 246–247, 30 S.Ct. 447, 54 L.Ed. 748; Stern Bros. & Co. v. Burnet, 8 Cir., 51 F.2d 1042, 1045–1046; Concrete Engineering Co. v. Commissioner of Internal Revenue, 8 Cir., 58 F.2d 566, 567–568. Moreover, "The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." United States v. Chemical Foundation, Inc., 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131. See also, 20 Am.Jur., Evidence, § 172, page 179.

Cooper, at the hearing before the Government Agents on July 1, 1952, was informed by Special Agent Fendorf that he could decline to answer any question if he felt that his answer might tend to incriminate him, and that any statement he made could be used against him in a proceeding, either civil or criminal, brought by the United States. Cooper was not advised that he had a right to have and to consult with counsel. He contends that the failure of the Government Agents in that regard was a violation of his rights under the Sixth Amendment to the Constitution of the United States and under the Administrative Procedure Act, 5 U.S.C.A. § 1005 (a).

Cooper's appearance before the Government Agents on July 1, 1952, was voluntary and the statements made by him to them were voluntarily made. Assuming the applicability of the Administrative Procedure Act to the proceeding, Section 1005(a) of 5 U.S.C.A. relates to a person compelled to appear. It provides: "Any person compelled to appear in person before any agency or representative thereof shall be accorded the right to be accompanied, represented, and advised by counsel or, if permitted by the agency, by other qualified representative." Cooper made no request for counsel, and there is no basis for ruling that he was denied the right to have counsel or that he was under any compulsion to appear or to give testimony at the hearing.

■■ So far as the right to counsel under the Sixth Amendment is concerned, the Amendment applies to "a criminal prosecution against a person who is accused and who is to be tried by a petit jury." Counselman v. Hitchcock, 142 U.S. 547, 563, 12 S.Ct. 195, 198, 35 L.Ed. 1110. Cooper at the hearing or interview on July 1, 1952, was not an accused. He was merely being asked to give truthful and pertinent information as to his own tax liability and that of his associates. The failure of the Government Agents to inform him that he might have the advice and assistance of counsel did not entitle him to a directed verdict of acquittal.

There is, we think, no merit in Cooper's contention that, under the form of oath administered, he was not under oath as to his answers relating to the taxable income of Andy Burger Motors. He swore that his answers to the questions propounded to him in the matter of the income tax liability of A. C. Burger and also in the matter of his own tax liability would be the truth, the whole truth, and nothing but the truth. The record shows that his own income and the income of A. C. Burger during the years in question were related to and largely dependent upon the earnings of Andy Burger Motors, of which he was manager and A. C. Burger was apparently the owner. Cooper testified at the trial that at the hearing on July 1, 1952, "He considered himself under oath as to every question that was asked of him appearing in the exhibit [his sworn statements]," and that "to the best of his knowledge the answers to the questions contained in the exhibit were truthful."

■ Our conclusion is that, under the evidence and the applicable law, the question of the guilt or innocence of Cooper was one of fact for the jury, and that no reversible error was committed by the trial court.

The judgment appealed from is affirmed.