235 F.2d 271
 W. B. SANDERS, Etc., Appellant,
v.
INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL & ORNAMENTAL IRON WORKERS et al., Appellees.
Charles HOBBS, Etc., et al., Cross-Appellants,
v.
W. B. SANDERS, Cross-Appellee.
LOCAL UNION 595, Etc., et al., Appellants,
v.
INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL & ORNAMENTAL IRON WORKERS, et al., Appellees.
Wilford B. SANDERS et al., Appellants,
v.
John H. LYONS, Etc., et al., Appellees.
John H. LYONS, Etc., et al., Cross-Appellants,
v.
Wilford B. SANDERS, Cross-Appellee.
 Nos. 12617-12621.
 United States Court of Appeals Sixth Circuit.
 July 13, 1956.
 
 Roy N. Vance, Paducah, Ky. (Joseph J. Grace, Andrew J. Palmer, Paducah, Ky., on the brief), for W. B. Sanders, et al.
 Francis T. Goheen, Paducah, Ky. (Mahlon R. Shelbourne, Joseph S. Freeland, Paducah, Ky., on the brief), for International Ass'n et al.
 Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.
 McALLISTER, Circuit Judge.
 
 
 1
 The above cases, which included cross appeals, were consolidated for trial, and judgments were entered in accordance with the opinion of the district court, reported in 130 F.Supp. 253. From such judgments, all parties appeal.
 
 
 2
 The statement of facts and the basis for the trial court's determination appear in the comprehensive opinion above referred to. Therein, the district court held, among other matters, that the individual appellants had been given proper hearings and trials, in accordance with the constitution of the International Union by which the Local and appellant members were governed; that the charges against them were justified; that the findings were lawful; and that disciplinary action was proper. The court also found that the debarment of old Local officers from union offices and activities for specified periods, as well as the placing of the Local under direct International supervision, were legal and valid. Nevertheless, the court held that the sentence imposed by the governing body of the union, expelling one of the appellants for life, was, in view of its effect upon his means of obtaining livelihood, unreasonable and unlawful.
 
 
 3
 We concur in the determination of the district court, except as to its holding that the expulsion of appellant Sanders was not a reasonable exercise of the authority of the General Executive Board, and that such action was, therefore, unlawful and must be set aside. The findings of the General Executive Board of the serious nature of the charges and Sanders' flagrant violation of the provisions of the International constitution were proper and sustained by the evidence, according to the findings of the district court. As the court stated, the evidence showed that "Sanders was guilty of the charges made against him; that his conduct had stopped a part of the Atomic Energy Program and paralyzed one of the most important construction projects in the United States; that his violations continued long after the charges were made and until he was stopped by forces beyond his control; and that he had publicly defied the International to do anything about such violations." In addition, Sanders and others had illegally transferred $30,000 of the funds of the Local to the new corporation which he had caused to be organized. The union constitution clearly authorized the action which was taken by the General Executive Board in the constitutional provision that "it shall have power to impose such sentence as it may deem appropriate and just, including the power to expel a member and to revoke the charter of a local union"; and the legal right of the union to take such action is recognized in the Labor Management Act, 29 U.S.C.A. § 158(b) (1) (A), where it is provided that the law "shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein." The expulsion and debarment of appellant Sanders for life was a valid exercise by the union of its powers under its constitution and a legal exercise of its rights under the pertinent statute. As has been well said, "A union must have authority to discipline its members, otherwise it will have no power to bargain effectively. Expulsion of an offending member is not so much a matter of discipline as it is a matter of protection of the Union. The preservation of an organization whose constitution and by-laws are lawful, by allowing it to expel those who seek to undermine it, is a stronger basis for public policy than the possible inability of the resurgent member to subsequently gain employment in his present occupation."[1]
 
 
 4
 It is to be said that, although the matter was not argued in the briefs, it appears that the union constitution provides for appeals from decisions of the General Executive Board to the General Executive Council, and from decisions of that body to the convention of the International; and there is no proof that appellants have exhausted the remedies provided in the constitution of the union, nor has any petition been filed for reinstatement or modification of the expulsion for life from union membership, which might merit consideration by the governing body of the union.
 
 
 5
 Other matters submitted in the briefs of appellants and in their arguments in open court have been considered but have been found to be not meritorious.
 
 
 6
 In accordance with the foregoing, the judgments in cases Nos. 12617, 12619, and 12620 are affirmed; and the judgments in cases Nos. 12618 and 12621 are reversed and remanded to the district court for entry of judgments not inconsistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 Note in Villanova Law Review, January, 1956, page 190