155 Cal.App.2d 573 (1957)
DEAN DE GONIA et al., Appellants,
v.
BUILDING MATERIAL AND DUMP TRUCK DRIVERS LOCAL UNION 420 (an Unincorporated Association) et al., Respondents.
Civ. No. 22461. 
California Court of Appeals. Second Dist., Div. One. 
Nov. 27, 1957.
 Frank A. Mouritsen for Appellants.
 Meserve, Mumper & Hughes, Lewis T. Gardiner and Stevenson & Hackler for Respondents.
 WHITE, P. J.
 This is an appeal by plaintiffs from a judgment in favor of defendants upon the latter's motion for judgment on the pleadings. The action is one for injunction and damages. Plaintiffs are employed as foremen by defendant companies and are members of defendant union. They instituted this action on behalf of themselves and approximately 100 other foremen similarly situated and interested. The amended complaint is in three counts. The pertinent facts of the first cause of action are as follows:
 "For a number of years last past prior to March 5, 1956, plaintiffs and those similarly situated, were required as part of their duties to drive a company truck. Their duties started prior to the starting time of the employees whom they supervise. They were required to report to the company yard where they received instructions concerning the day's *575 work, picked up a company truck containing tools, supplies and materials and drive it to the job site. At the job site they supervised the work of the crew, and at the end of the work day for the crew, they were required to return the truck to the company yard. For the time which the foremen spent in excess of eight hours per day they were compensated at the rate of one and one-half times their foremen's rate. For such overtime work prior to March 5, 1956, plaintiffs and those similarly situated, received as compensation an average payment of between $26.50 and $50.00 per week, depending on the distance of the jobsite from the yard." It is then alleged that plaintiffs are members of defendant union which owes to them "the duty of not taking action which is detrimental to plaintiffs." That "Commencing in October, 1955, the defendant Union, the individual defendants, Jack Todd, a business representative of the defendant Union, disregarding the duties which it as collective bargaining agent owed plaintiffs and those similarly situated, demanded of the defendant companies that they remove plaintiffs and those similarly situated from their duties in driving truck and give such duties to others not members of the defendant Union. That on March 5, 1956, the defendant companies, solely because of defendant Union's demands and threats discharged plaintiffs and others similarly situated from their duties in driving trucks, and such duties were assumed by others who theretofore had not been members of defendant Union, and said employees have continued to perform such duties up to the date of this complaint. Since said date plaintiffs and those similarly situated have been deprived of the truck driving work and the overtime pay incident thereto." It is then alleged that defendant union caused the defendant companies to discharge plaintiffs and those similarly situated as aforesaid for the purpose of financial gain to said Union, in that said Union is thereby enabled and has started to collect $50.00 initiation fee from approximately one hundred new members, or approximately $5,000.00.""
 The second cause of action incorporates all of the first cause of action and adds an allegation that "Between plaintiffs and those similarly situated and defendant Union, their collective bargaining agent, there exists an implied contract that said agent will diligently, honestly and fairly do everything possible to further their interests; etc." and then alleges a breach of such implied contract. *576
 The third cause of action realleges all of the first cause of action and adds a paragraph as follows: "Plaintiffs and those similarly situated have a fundamental and inalienable right to sell their labor, and of liberty of contract, which right is guaranteed by the Constitution of the United States of America, and of the State of California" and alleges the union defendant's actions in violation of this right.
 As against defendant union, plaintiffs' prayer was for an injunction enjoining it from:
 "(a) Demanding of defendant companies that they discharge plaintiffs and those similarly situated from their duties in driving truck, and the resultant overtime work and pay;"
 "(b) Threatening defendant companies with picketing or causing abolition of the 'composite crew' arrangement if they do not discharge plaintiffs and those similarly situated from their duties in driving truck, and the resultant overtime work and pay;"
 "(c) Causing the defendant companies to discharge plaintiffs and those similarly situated from their duties in driving truck and depriving them of the compensation they received therefor, as such duties and compensation existed prior to March 5, 1956;".
 Plaintiffs' prayer against defendant companies is that they be enjoined from: "(a) Depriving the plaintiffs and those similarly situated of their duties in driving truck and the compensation derived therefrom, as such duties and compensation existed before March 5, 1956. (b) Intimidating, threatening, or discriminating against plaintiffs and those similarly situated in any manner, because they have filed and are prosecuting this action;".
 The prayer further sought injunctive relief restraining both defendant union and defendant companies from: "(a) Carrying out or performing any agreement whereby plaintiffs and those similarly situated are deprived of or denied the duties performed as truck drivers and the compensation they received therefor, as such duties and compensation existed prior to March 5, 1956."
 The prayer also sought, "Judgment for damage in the amount of $20,100.00 actual damages, and for such additional amount as is necessary to compensate plaintiffs and those similarly situated for damages suffered after the date hereof."
 The defendants filed general demurrers to the foregoing amended complaint which, as to the three counts now under consideration, were overruled. Answers were filed on behalf *577 of all defendants, and when the cause was called for trial they moved for a judgment upon the pleadings which motion was granted. From the judgment accordingly entered, plaintiffs prosecute this appeal.
 [1] It is first contended by appellants that the trial court erred in considering the constitution and by-laws of defendant union inasmuch as they were both incorporated in the union's answer. It is argued that a motion for judgment on the pleadings must be determined upon the same principles as those governing determination of a general demurrer, and that therefore, the court may not consider any matter outside the complaint or any defense thereto contained in the answer (21 Cal.Jur., 166, p. 240; Hibernia S. & L. Soc. v. Thornton, 117 Cal. 481 [49 P. 573]; Weisz v. McKee, 31 Cal.App.2d 144 [87 P.2d 379]; Gross v. Bank of America, 4 Cal.App.2d 353 [41 P.2d 178]). While it is true that a motion for judgment on the pleadings tests the sufficiency of the complaint, we are here confronted with a situation wherein the authenticity and due execution of the written document set forth in the answer was not denied by an opposing affidavit (Code Civ. Proc., 448). The contents thereof are therefor admitted. Failure to file such an affidavit has been held an admission for the purpose of a motion for a summary judgment (Zepeda v. International Hodcarriers, etc. Union, 143 Cal.App.2d 609, wherein it was stated, at page 612 [300 P.2d 251], "There was no denial of the claimed affirmative defenses set forth in the verified answer which set up the written documents. Accordingly, the genuineness and due execution of such instruments are deemed admitted. (Code Civ. Proc., 448.)" We perceive no reason why the same rule should not apply to motions for judgment on the pleadings (Witkin, California Procedure, p. 1704.)
 [2] Furthermore, when the matter was before the trial court on the motion for judgment on the pleadings, the court remarked, "Very well. I am interested particularly, Counsel, in your position regarding the Constitution and by-laws." With regard to this remark from the bench counsel for appellant stated, "Now, first, so there may be no misunderstanding, I agree with Mr. Hackler (one of counsel for respondent Union)--I mean it is not denied that the Constitution is there, so factually, I think it is fair to say that it is before this Court, as well as the contract to which he alluded (Collective Bargaining Agreement, "Southern California *578 Utilities Pipe Trade Agreement between the Pipeline Contractors Association of Southern California and Southern California Pipe Traders District Council No. 16 of the United Association."). Now, they weren't attached to my copy, but I have copies of them, and I do not make a point that, so we understand ourselves, I know what they are speaking about and I am acquainted with the constitution." The record reflects that appellant's counsel thereupon argued at considerable length the issue of exhaustion of remedies in the light of the constitution and collective bargaining agreement above referred to. In their brief before this court, appellants concede that "At the time of the trial, however, counsel for appellants did not object that the constitution and by-laws were not properly before the court. Counsel does not raise the objection at this time, inasmuch as it appears that the trial court erred not only in considering such documents, but also in the conclusion reached on the basis of his consideration of such documents." In view of the foregoing, we are persuaded that the union constitution and the collective bargaining contract pleaded respectively in the answers of respondent union and respondent companies were properly before the court.
 Equally without merit is appellants' assertion that the previous ruling upon demurrers to the amended complaint was res adjudicata with respect to respondents' contention on the motion for judgment on the pleadings that appellants' pleading fails to state a cause of action. [3] Our attention is not directed to any authority which prohibits the trial judge from granting a motion for judgment on the pleadings after another judge, in another department of said court, had overruled a demurrer, thereby sustaining the validity of the complaint. The authorities are to the contrary. (See Wrightson v. Dougherty, 5 Cal.2d 257, 265 [54 P.2d 13]; O'Moore v. Driscoll, 135 Cal.App. 770, 772 [28 P.2d 438]; Ser-Bye Corp. v. C. P. & G. Markets, Inc., 78 Cal.App.2d 915, 918 [179 P.2d 342].)
 We shall first give consideration to the appeal from the judgment in favor of respondent union. The court filed a memorandum opinion and from a perusal thereof it is manifest that the basis for decision was that appellants had failed to exhaust their remedies contained within respondent union's constitution before resorting to the court. We are in accord with this conclusion of the trial court.
 The rationale of the so-called "exhaustion of remedies" *579 within the union rule and judicial recognition thereof is thus set forth in Holderby v. International Union etc. Engrs., 45 Cal.2d 843, 846 [291 P.2d 463]:
 "It is the general and well established jurisdictional rule that a plaintiff who seeks judicial relief against an organization of which he is a member must first invoke and exhaust the remedies provided by that organization applicable to his grievance. (Lawson v. Hewell, supra, 118 Cal. 613 [50 P. 763, 49 L.R.A. 400]; Levy v. Magnolia Lodge No. 29, I.O.O.F., 110 Cal. 297 [42 P. 887].) This rule is analogous to the rule requiring the exhaustion of administrative remedies as a condition precedent to resorting to the courts (see 2 Cal.Jur.2d 304), and to the rule requiring the parties to a contract for arbitration of disputes to exhaust those remedies before seeking judicial relief. (See Cone v. Union Oil Co., 129 Cal.App.2d 558 [277 P.2d 464], and cases collected at p. 563.) Such rules are based on a practical approach to the solution of internal problems, complaints and grievances that arise between parties functioning pursuant to special and complex agreements or other arrangements. They make possible the settlement of such matters by simple, expeditious and inexpensive procedures, and by persons who, generally, are familiar therewith. Such internal remedies are designed not only to promote the settlement of grievances but also to promote more harmonious relationships, and the courts look with favor upon them."
 In the same case it was held, at page 849, "A violation of other laws and wrongs done within the organization are intended to be conciliated and corrected by the appellate machinery provided therein, if properly invoked by an aggrieved party and applied by the organization. If recourse to such appellate machinery is not sought an aggrieved party foregoes his right to a judicial review regardless of the breach of its own rules by the organization in causing the grievance in the first instance." (See also Gonzales v. International Assn. of Machinists, 142 Cal.App.2d 207, 211 [298 P.2d 92]; Zepeda v. International Hodcarriers' etc. Union, supra, p. 614.)
 That the foregoing rule is subject to certain exceptions, however, was the holding in the cases just cited, and was reaffirmed in the recent case of Mooney v. Bartenders Union Local No. 284, 48 Cal.2d 841 [313 P.2d 857], wherein it is said, at page 843: "Provisions in union constitutions requiring the exhaustion of internal remedies are generally recognized *580 by the courts as binding on the members. (Citing cases.) This rule, however, is subject to certain exceptions. Thus the internal procedure must be such as will afford an accused member substantial justice, and further pursuit of internal relief is excused when a union violates its rules for review or when invocation of those rules would be futile. (Citing cases.) In the application of these principles we must weigh both the protection of the rights of the individual members in the specific matter involved and the right of the union to govern itself. (Citation.)"
 Appellant insists that the facts in the instant case differ substantially from those involved in the Holderby, Gonzales, and Zepeda cases, supra, and do not come within the purview of the law enunciated therein as to exhaustion of internal remedies. They argue that such cases involve attempt to secure reinstatement after expulsion or to compel the union to dispatch the complainant to jobs, while in the case at bar, appellants are not seeking reinstatement to membership, but are seeking to set aside a decision or order of the union by which they were deprived of a property or material right to receive overtime pay for work done after the completion of their daily work as foremen. In the light of the provisions of the union constitution and the law set forth in the above cited cases, we fail to recognize any such distinction.
 Appellants do not challenge respondents' contentions that, according to the union constitution, the former have internal union remedies for redress for the violation of a member's rights by other members, officers or the union itself, including the right to appeal any decision with respect to any complaint through the International Executive Board and the conventions of the international union, but, as heretofore pointed out, contend that such internal union procedures are inapplicable to appellants' present complaint. To us, the provisions of the union constitution would seem to refute appellants' contention. Article XV, section 4(a) reads: "Joint Councils shall have full power to adjust all questions of jurisdiction between local unions, subject to the provisions of Article XII, Section 13, to try cases against local unions, cases appealed from local unions, and to try individual cases which local unions refuse or neglect to try in accordance with the trial procedure provided for in Article XVIII." Said article XVIII sets forth the procedure affecting trials and appeals by local officers and members.
 Article XVIII, section 14(a) deals with the exhaustion of *581 remedies, and reads: "Every member, officer, local union, Joint Council or other subordinate body against whom charges have been preferred and disciplinary action taken as a result thereof, or against whom adverse rulings or decisions have been rendered, shall be obliged to exhaust all remedies provided for in this Constitution and by the International before resorting to any other court or tribunal." (Emphasis added.)
 [4] The constitution of the union constitutes a contract with the members and is binding on appellants (DeMille v. American Fed. of Radio Artists, 31 Cal.2d 139, 146 [187 P.2d 769, 175 A.L.R. 382]). Therefore, when appellants accepted membership in respondent union they agreed to postpone the commencement of any action in the courts against the union until they had afforded the internal tribunals of the union an opportunity to pass upon the merits of their complaint. [5] To us there seems no escape from the conclusion that appellants' complaint herein that the union and its officers discriminated against them by insisting that they confine their work to that of pipefitter foremen and let other workers drive the trucks to and from the jobsites constituted an "adverse ruling or decision" against appellants. (Union Constitution, art. XVIII, 14(a) supra.) There is no showing in appellants' complaint that the internal procedure of the union would not afford appellants substantial justice; or that the union violated its rules for review, or that to invoke those rules would be futile. And, the very nature of the rights asserted by appellants at once suggests the absence of judicial intervention on the ground of public policy (Mooney v. Bartenders Union Local No. 284, supra, p. 854).
 We therefore conclude that there is nothing in the instant proceeding to remove it from the normal rule of exhaustion of internal remedies generally recognized by the courts as binding on the members of the union labor organizations.
 Furthermore, as pointed out by respondent union, "Aside from the formal trial and hearing procedures set forth in the defendant union's constitutions, there is a simple expedient which plaintiffs could have used and which they can still use within the democratic framework of their union. The local is autonomous and its constitution provides for regular monthly meetings at which plaintiffs may present a motion, debate it, call for a vote upon it and if a majority agrees with them, local union officers are bound to give effect to the *582 decision of the membership. (Local Constitution, art. VII, 2, p. 15; Rules of Order, p. 17.)"
 Appellants further contend that they were absolved from the necessity of exhausting the remedies provided in the union constitution because the union and its officials were appellants' agents and were bound to the utmost good faith in their dealings with the former and that the union and its officials by their actions herein, denied to appellants their constitutional right to work guaranteed by the Fourteenth Amendment to the federal Constitution and article I, sections 1 and 13 of the California Constitution. We are not called upon to decide the question of whether a union is an agent of its members in dealing with employers, or the question of appellants' claimed constitutionally guaranteed right to work because these questions are not here involved. [6] In this proceeding we are confronted with a situation wherein appellants have a contract with a union which provides for submission of controversies, such as the one now before us, to an internal union forum for settlement before resorting to the courts. Such a contract does not deny judicial relief, but on the contrary, permits of it when the contractual requirements are complied with. The requirement for exhaustion of internal union procedures is analogous to the exhaustion of administrative remedies so well known in many fields of the law.
 Appeal As To Contractor Defendants
 A reading of appellants' amended complaint immediately suggests that the primary gravamen therefor is directed toward respondent union, of which they are members. As to contractor respondents, the complaint alleges that respondent union made threats of economic pressure upon the contractor respondents for the alleged purpose of causing the replacement of certain of the contractor respondents' employees with other nonmember individuals with respect to the overtime truck-driving activities of the employees in question, on whose behalf appellants sue; that the contractor respondents orally agreed to this and thereafter relieved said employees from such duties, giving such work to other employees; that the respondent companies did not wish to do this but did so solely by virtue of such union pressure, and that the union was motivated by the possibility of financial gain under the union security clause of the agreement; that this has damaged the appellants because the curtailment of overtime pay has handicapped them in meeting current obligations. *583
 Upon these facts, and because of an alleged breach of duty by the respondent union and its officers toward appellants, the amended complaint urges that appellants' employers be enjoined from assigning the overtime truck driving activities to employees other than plaintiffs.
 We are impressed that a complete answer to appellants' contention is contained in the California Labor Code, section 2922, which provides:
 "An employment, having no specified term, may be terminated at the will of either party on notice to the other. Employment for a specified term means an employment for a period greater than one month."
 Appellants do not contend that their right to continue overtime employment is based upon any contract or collective bargaining agreement or that its curtailment was in violation of any federal or state labor relations statute, nor do they make any claim that respondent contractors have in any way discriminated against them by reason of race, sex, color or religion. [7] As was said in Southern Cal. etc. Co. v. Amalgamated Assn., 186 Cal. 604, 611 [200 P. 1]: "From the foregoing authorities these principles may be deduced: In the absence of contract, the right of a workman to quit his employment is as absolute as the right of a fellow-employee to remain in the employment, or of another workman to take the place vacated by the one who has quit, or the right of the employer to dispense with an employee's services." Other California cases in accord with this principle are, De Briar v. Minturn, 1 Cal. 450, 451; Lynch v. Gagnon, 96 Cal.App. 512, 518 [274 P. 584], and Union Labor Hospital Assn. v. Vance Redwood Lbr. Co., 158 Cal. 551, 554 [112 P. 886, 33 L.R.A.N.S. 1034].
 In the case last cited we find the following language:
 "This was strictly a matter between employer and employee, and where no contract between them stands in the way, it is the unquestioned right of the employee to leave the employment at his pleasure, and it is equally the right of the employer to discharge at his pleasure, or to impose conditions upon the retention of the employee in his employment. If imposed conditions are regarded as unjust, unfair, or onerous, the employee need not comply with them, but may resign, and, as has been said in the cases above cited, he may do this as an individual, or he may do so by concerted action as a member of an organized body or trades union. Precisely as may the employee cease labor at his whim *584 or pleasure, and, whatever be his reason, good, bad, or indifferent, leave no one a legal right to complain: so, upon the other hand, may the employer discharge, and, whatever be his reason, good, bad, or indifferent, no one has suffered a legal wrong." (Emphasis added.)
 As was stated by the trial judge in his memorandum opinion:
 "To ask this court to order the defendant companies to give these plaintiffs or any other of its employees, certain specified overtime seems so preposterous as to not require further comment. ... In the present case had the defendant companies, by their own independent action eliminated overtime, the plaintiffs would have had no cause of action against them."
 [8] That respondent contractors chose to terminate appellants' overtime employment at the request of respondent union does not alter the foregoing legal principles under the pleadings herein. In other words, had respondent contractors upon their own volition, eliminated overtime employment of appellants, the latter would have had no cause of action against them. Furthermore, since appellants' amended complaint failed to state a cause of action against respondent union, the argument seems irrefutable that none exists against respondent contractors. Appellants rely heavily upon the cases of James v. Marinship Corp., 25 Cal.2d 721, 742 [155 P.2d 329, 160 A.L.R. 900], and Williams v. International etc. of Boilermakers, 27 Cal.2d 586 [165 P.2d 903], but under the facts presented to the court in those cases we find nothing in the decisions which militates against what we have herein stated when consideration is given to the issues framed by the pleadings in the case at bar.
 Since what we have heretofore said is determinative of the appeal from the judgment in favor of respondent contractors, we deem it unnecessary to discuss the constitutional question and exhaustion of remedies under the collective bargaining agreement heretofore referred to, raised by respondent contractors. Suffice it to say, however, they are not without merit.
 For the foregoing reasons, the judgment is affirmed.
 Fourt, J., and Drapeau, J., [fn. *] concurred.
NOTES
[fn. *] *. Assigned by Chairman of Judicial Council.