**Edward Rex SMITH, Plaintiff,**

v.

**GENERAL TRUCK DRIVERS, WAREHOUSEMEN AND HELPERS UNION LOCAL 467 OF SAN BERNARDINO AND RIVERSIDE COUNTIES, Affiliated With International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, et al., Defendants.**

**No. 1187–59.**

United States District Court
S. D. California,
Central Division.
Feb. 12, 1960.

Wm. R. Walsh, Los Angeles, Cal., for plaintiff.

Lewis Garrett and Lionel Richman, by Lionel Richman, Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

By the Complaint the plaintiff seeks injunction and damages under the provisions of the Labor-Management Reporting and Disclosure Act of 1959 (Public Law 86–257, 73 Stat. 519, U.S. Code Congressional and Administrative News 1959, p. 565 et seq.) 29 U.S.C.A. § 401 et seq. and more particularly under § 101 and § 102 of the Act. The action is directed against Local 467 of San Bernardino and Riverside counties, an affiliate of the National Brotherhood of Teamsters, Truck Drivers, Warehousemen and Helpers, and members of its Executive Board, all citizens of California.

The Complaint alleges that on November 21, 1958, the Executive Board of Local 467, *without a hearing and without his request,* issued him an honorable withdrawal card from the Local because he was not at the time engaged in the employ, trade or occupation covered by the jurisdiction of the Local. On October 5, 1959, the plaintiff requested the Local to accept the honorable withdrawal card and reinstate his membership, which request was refused on October 8, 1959.

The Complaint alleges that he has not appealed the action of the Executive Board for the reason that any attempt at such an appeal would be futile. After the filing of the Complaint an appeal was taken. A second cause of action seeks damages in tort, and a third asks punitive damages on an allegation of malice. In effect, the Complaint alleges that the Executive Board is biased against him and that no provision is made for representation by counsel in hearings before it.

■■ The answer to the contention lies in the statement of the fundamental principle that the right to be represented by counsel, guaranteed by the Sixth Amendment to the Constitution of the United States, does not apply to hearings before labor unions. The reason is obvious. All that a union member is entitled to in any controversy between him and the union is a fair hearing. This means only that before any action is taken against him he must be informed of the charges and be given an opportunity to hear them and refute them. § 101(a) (5) of the Act. And see, Cason v. Glass Bottle Blowers Ass'n, 1951, 37 Cal.2d 134, 143–144, 231 P.2d 6, 21 A.L.R.2d 1387) This satisfies the constitutional concept as to all administrative proceedings. 16A C.J.S. Constitutional Law § 628(b); Corn Exchange Bank v. Coler, 1930, 280 U.S. 218, 222–223, 50 S.Ct. 94, 74 L.Ed. 378; Parker v. Lester, 9 Cir., 1955, 227 F.2d 708, 715–716; National Council of American-Soviet Friendship v. Brownell, 1957, 100 U.S. App.D.C. 116, 243 F.2d 222, 224–225.

■ Except in rare instances of illegality the general concept of due process applicable in criminal prosecutions is not applied to members of a union. By becoming a member of a union the worker, in effect, makes a contract to be governed by the constitution and by-laws and the rules of the organization. 31 Am.Jur., Labor, § 33; 87 C.J.S. Trade Unions § 12, pp. 774–775; DeMille v. American Federation of Radio Artists, Los Angeles Local, 1947, 31 Cal.2d 139, 146, 187 P.2d 769, 175 A.L.R. 382; De Gonia v. Building Material & Dump Truck Drivers Local Union 420, 1957, 155 Cal.App.2d 573, 581, 318 P.2d 486;

Dyer v. Occidental Life Ins. Co., 9 Cir., 1950, 182 F.2d 127, 130, 17 A.L.R.2d 923.

■■ So we come to the fundamental fact which determines the matters before us, namely that the wrong or tort, if any, committed against the plaintiff and of which he complains *is the issuance*, without a hearing and without his request, of the withdrawal card on November 21, 1958. As that occurred before September 14, 1959, *the effective date of the Act*, this Court has no jurisdiction over the action. The statute should not be given a retroactive effect. See, Claridge Apartments Co. v. Commissioner of Internal Revenue, 1944, 323 U.S. 141, 164, 65 S.Ct. 172, 89 L.Ed. 139.

■ The subsequent refusal to reinstate is not by itself an actionable wrong under the Statute. § 101(a) (1), (2), (5). It refers back to the alleged unwarranted issuance of the withdrawal card. More, it is apparent that the plaintiff has not exhausted the administrative remedies authorized by the by-laws of the union,—an appeal to the Executive Board of the Union is still pending. Such intra-union procedures are sanctioned by § 101(a) (4) of the Act.

The referred clause specifically says that any member may be required to exhaust "reasonable hearing procedures" before instituting administrative or court proceedings. This clause is *unconditional*. So we are not bound to follow any State decisions which may hold that such exhaustion of remedy is not necessary where the action would be futile. Holderby v. International Union of Operating Engineers, Local Union No. 12, 1955, 45 Cal.2d 843, 847, 291 P.2d 463. It is to be noted that the statement of the California Court on which reliance is placed is *dictum*. For in the ultimate disposition of the case the Court said:

"He falls squarely within the rule that when an internal appeal is open to him he has no right to invoke the aid of the courts." (45 Cal.2d at page 849, 291 P.2d at page 467)

Later California cases indicate that "the futility" of which the courts speak exists only when the situation is such that a court can say, as a matter of law, that the procedure permitted would avail nothing because of the absence of adequate notice and the denial of an opportunity to present the member's defense or point of view. Mooney v. Bartenders Union Local No. 284, 1957, 48 Cal.2d 841, 844, 313 P.2d 857, 64 A.L.R.2d 1154. And see, Parker v. Lester, supra.

In Mooney, supra, the court held that the procedure could be dispensed with because access to the union records was denied. In another California case the court found that the member had not been given an opportunity to deny the accusations upon which reinstatement into a union was refused. Cason v. Glass Bottle Blowers Ass'n, supra 37 Cal.2d at page 146, 231 P.2d at page 13.

■■ The allegations of the Complaint before us that the Board of Review is prejudiced against the plaintiff is not a sufficient showing of futility, *even under these cases*. More, as we are not bound by State law, we decline to read exceptions into the specific language of the federal statute under discussion, which makes exhaustion of the intra-union remedy provided by the union's constitution or by-laws a condition precedent to the institution of court action. To do so would do violence to the fundamental concept that where exhaustion of administrative remedies is a condition precedent to the institution of a civil action, the requirement must be complied with strictly and become final. This is not the situation here.

If one were permitted to dispense with a necessary administrative step before invoking the jurisdiction of federal courts, which are courts of limited jurisdiction, upon the mere assertion that the tribunal was biased or had ruled or would rule unfavorably and had no power to act, every such requirement could be disregarded at will. The contention is too fantastic to entertain in view of the specific language of the statute. And it has been rejected by the courts whenever

made. Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 50–52, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman Steamship Corp., 1946, 327 U.S. 540, 543–545, 66 S.Ct. 712, 90 L.Ed. 839. And see, Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 767–781, 67 S.Ct. 1493, 91 L.Ed. 1796; United States v. Morton Salt Co., 1950, 338 U.S. 632, 652–654, 70 S.Ct. 357, 94 L.Ed. 401; United States v. Western Pacific Railroad Co., 1956, 352 U.S. 59, 63–65, 77 S.Ct. 161, 1 L.Ed.2d 126.

 The requirement in the statute before us conforms to the general pattern of other statutes which require the exhaustion of certain administrative remedies before courts are resorted to. 42 Am.Jur., Public Administrative Law, § 202; Public Service Commission of Utah v. Wycoff Co., Inc., 1952, 344 U.S. 237, 245–246, 73 S.Ct. 236, 97 L.Ed. 291; Donaldson v. United States, 6 Cir., 1959, 264 F.2d 804, 807. The fact that the statute did not itself establish an intra-union procedure does not alter the situation. By allowing the unions to do so and recognizing existing union procedures to that effect, the statute merely followed two principles which the courts have adhered to in dealing with labor unions. The first of these is that courts will not interfere with the internal affairs of unions, except in rare cases of fraud or illegality. 31 Am.Jur., Labor, § 67; 87 C.J.S. Trade Unions § 48, pp. 854–856; Courant v. International Photographers of Motion Picture Industry Local 659, 9 Cir., 1949, 176 F.2d 1000, 1003–1004; Oliphant v. Brotherhood of Locomotive Firemen and Enginemen, 6 Cir., 1959, 262 F.2d 359, 363–364; Barnes v. Atlanta Transit System, Inc., D.C.Ga.1956, 144 F.Supp. 156, 158. The other principle is that when the unions themselves, even without statutory permissive legislation, have set up tribunals for the determination of controversies between members and the locals, every procedural right before such tribunals *must be* exercised before the aid of the courts is invoked. 7 C.J.S. Associations § 34(b) pp. 81–82; 87 C.J.S. Trade Unions § 49, pp. 856–858; 31 Am.Jur., Labor, § 68; Sanders v. International Association of Bridge, Structural and Ornamental Iron Works, 6 Cir., 1956, 235 F.2d 271, 272. And see cases already cited.

 It follows that the pendency of the appeal puts the plaintiff in a position where he cannot be heard in this Court. For, even if it be assumed that the Executive Board might rule against him, such action would be within their power. The right to decide includes the right to decide wrongly. An erroneous decision is not a deprivation of rights amounting to a denial of due process. Schatte v. International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of United States and Canada, 9 Cir., 1950, 182 F.2d 158, 162; And see, Schatte v. International Alliance etc., D.C.Cal.1947, 70 F.Supp. 1008, affirmed 9 Cir., 165 F.2d 216. And as the parent union is now governed by a Board of Monitors appointed by the United States District Court for the District of Columbia, (See, English v. Cunningham, D.C.,Cir., 1959, 269 F.2d 517) it may well be assumed that should the Executive Board fail to protect plaintiff in his rights, the Board of Monitors would, in the performance of its duties, see that his rights are secured.

 The affidavit of one of the Monitors, filed after submission of the matter, does not call for a contrary assumption. The affidavit states that certain complaints had been made by the plaintiff to the Board of Monitors against the conduct of the officials of Local 467 on November 21, 1959 and November 25, 1959. Evidently no official action was sought and none has been taken on the appeal before the Executive Board. So that appeal is still pending. And it must be assumed that both the Executive Board and the Board of Monitors have discharged the duties of their office and performed faithfully the matters with which they are charged. 20 Am.Jur., Evidence, § 170; Schell v. Fauche, 1891, 138 U.S. 562, 565, 11 S.Ct. 376, 34 L.Ed. 1040; United States v. Chemical Foun-

dation, Inc., 1926, 272 U.S. 1, 15–16, 47 S.Ct. 1, 71 L.Ed. 131; Cooper v. United States, 8 Cir., 1956, 233 F.2d 821, 824; Donaldson v. United States, supra.

■ There is the added presumption that both the Executive Board and the Board of Monitors will obey the law and discharge the duties imposed upon them, either by the union rules or by law. 20 Am.Jur., Evidence, §§ 226–227; 31 C.J.S. Evidence § 134; Cincinnati, New Orleans & Texas Pacific Railway Co. v. Rankin, 1916, 241 U.S. 319, 327, 36 S.Ct. 555, 60 L.Ed. 1022; Korbly v. Springfield Institution for Savings, 1917, 245 U.S. 330, 336, 38 S.Ct. 88, 62 L.Ed. 326; Eagles v. United States ex rel. Horowitz, 1946, 329 U.S. 317, 323, 67 S.Ct. 320, 91 L.Ed. 318.

These principles have been embodied in the California Code of Civil Procedure which, among the disputable presumptions, lists:

"15. That official duty has been regularly performed;"
and
"33. That the law has been obeyed;" California Code of Civil Procedure, § 1963, subds. 15 and 33.

Except where the contrary appears by clear and convincing evidence these presumptions are applied rigorously by California Courts. Irvine v. Citrus Pest District Number Two of San Bernardino County, 1944, 62 Cal.App.2d 378, 383, 144 P.2d 857; In re Roberts, 1953, 40 Cal.2d 745, 748, 255 P.2d 782; Groves v. City of Los Angeles, 1953, 40 Cal.2d 751, 757, 256 P.2d 309; People v. Goldberg, 1957, 152 Cal.App.2d 562, 576, 314 P.2d 151.

■ In sum, if means exist, either by union rule or by law, enabling officers or officials to act there is conformity to the most rigid requirements of due process in such matters. And as to the manner in which they act, it is to be borne in mind that

"due process of law has never been a term of fixed and invariable content." Federal Communications Commission v. WJR, The Goodwill Station, Inc., 1949, 337 U.S. 265, 275, 69 S.Ct. 1097, 1103, 93 L.Ed. 1353.

For this reason, in the absence of a specific statute, administrative bodies are not bound by the rigid exclusionary common law rules of evidence. Opp Cotton Mills, Inc. v. Administrator of the Wage and Hour Division of the Department of Labor, 1941, 312 U.S. 126, 153–154, 61 S.Ct. 524, 85 L.Ed. 624; Willapoint Oysters, Inc. v. Ewing, 9 Cir., 1949, 174 F.2d 676, 690–691; National Labor Relations Board v. W. B. Jones Lumber Co. Inc., 9 Cir., 1957, 245 F.2d 388, 392. And the Supreme Court has recognized that a witness before an administrative body is not entitled to representation by counsel. In re Groban, 1957, 352 U.S. 330, 333, 77 S.Ct. 510, 1 L.Ed.2d 376. See Note, Rights of Witnesses in Administrative Investigations, 1941, 54 Harv. L.Rev., 1214, 1216–1217.

Of interest in this respect is In re Sanders, 1956, 40 N.J.Super. 477, 123 A. 2d 582, in which the right to the aid of counsel before an administrative commission empowered to revoke a license was declared

*"not an imperative and indispensable privilege the positive exercise of which by the accused the agency was obliged in the interest of justice affirmatively to require."* (123 A.2d at page 584)

In sum, as appears from this entire discussion, the attempt made in this case to read into the proceedings before the union the requirements of due process must fail. For the essentials of due process,—hearing, on notice, with right to present witnesses and defend,—are amply provided by the union rules.

Consequently, no ground for judicial intervention has been shown to exist, either under general equitable principles or under the Labor-Management Reporting and Disclosure Act of 1959. For, *to sum up,* even if the court in a proper case could grant relief against the unsolicited issuance of a withdrawal from a union, it could not do so in this case because it occurred before the Act went in-

to effect. Nor could the court grant redress for the subsequent refusal to reinstate because it is not the denial of any of the rights guaranteed under the Act. § 101(a) (1), (2), (5). More, the plaintiff has not exhausted his intra-union remedy.

 The foregoing considerations apply both to the motion to dismiss and the motion for preliminary injunction. However, an added ground for denying a preliminary injunction (Rules 52(a) and 65, Federal Rules of Civil Procedure, 28 U.S.C.A.) is the fact that to order reinstatement, through a mandatory preliminary injunction, would give to the plaintiff the full remedy he seeks in this respect, by his complaint, without a trial on the merits. It is not the policy of courts of equity to do so. More, the affidavits and the depositions in the case raise a serious doubt as to whether the plaintiff, at the time when he sought reinstatement, was actually employed or had a firm promise of employment at his trade *within the jurisdiction of the Local.* When such doubt as to an essential fact exists a preliminary injunction should not be granted. See the writer's opinion in Paramount Pictures Corp. v. Holden, D.C.Cal.1958, 166 F.Supp. 684, 691–692.

 There being no diversity of citizenship, any attempt to state a cause of action for damages, *as is done in the second and third causes of action,* must also fail. The reservation of remedies contained in § 103 of the Act does not confer the right to sue in the federal courts in the absence of the required diversity. 28 U.S.C.A. § 1332. See, Schatte v. International Alliance etc., supra; Underwood v. Maloney, 3 Cir., 1958, 256 F.2d 334. So the entire complaint must fall (Rule 8(a), Federal Rules of Civil Procedure) if, as shown, the action under the Labor-Management Reporting and Disclosure Act of 1959, falls, as it must, for the reasons given above. Hence the following rulings:

1. The plaintiff's motion for a preliminary injunction is denied. Formal order and findings in accordance with the requirements of Rule 52(a), Federal Rules of Civil Procedure, and Local Rule 7, West's Ann.Code, to be prepared by counsel for the defendants.

2. The motion of the defendants to dismiss the complaint is granted. Formal judgment of dismissal to be prepared by counsel for the defendants.