Enrique Cotto BURGOS, Julio Velez Cedeño and Pedro Melendez, Plaintiffs,

v.

WATERMAN STEAMSHIP CORP. OF PUERTO RICO, Defendant.

Felix Hernandez VELEZ, for himself and on behalf of all other persons similarly situated, Plaintiffs,

v.

WATERMAN STEAMSHIP CORP. OF PUERTO RICO, Defendant.

Civ. Nos. 280, 281.

United States District Court D. Puerto Rico, San Juan Division.

Dec. 15, 1960.

684

Golenbock & Nachman, Stanley L. Feldstein, San Juan, P. R., for plaintiffs.

Hartzell, Fernandez & Novas, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

## I.

These are actions which exclusively involve individual claims by each and every one of the plaintiffs against a common defendant, in each of the actions, for wages and overtime allegedly agreed with defendant's predecessor and allegedly earned by each of the plaintiffs and not paid by said predecessor, the payment of which has been allegedly assumed by its successor, the defendant herein, and covering a period of employment from 1947 to 1959, inclusive.

It is further alleged in the complaints that such individual claims arise because of the underpayment by defendant and its predecessor of the rates of pay agreed to under certain collective bargaining agreements entered into between the Puerto Rico Steamship Association, of which defendant's predecessor was a member, and the recognized bargaining representative of the employees of the member companies of said association.

It is also alleged in each of the complaints that the amount in controversy exceeds the sum of $10,000 exclusive of interest and costs.

Although from each of the complaints it appears that the defendant is a corporation duly organized and existing by

virtue of the laws of the Commonwealth of Puerto Rico and maintains its principal place of business within the Commonwealth of Puerto Rico, the citizenship and residence of each of the individual plaintiffs is nowhere alleged therein.

Neither is it alleged in either of said complaints that the $10,000 is the amount in controversy as to each and every one of the claims of the individual plaintiffs.

The defendant has moved to dismiss both actions primarily for lack of jurisdiction both as to the subject matter and as to the parties.

The plaintiffs have invoked the following statutes as the source of this court's jurisdiction of the actions:

1. The Labor Management Relations Act, 1947, 29 U.S.C.A. §§ 142(1) and 152(2), (3), (6) and (7).

2. Title 28 U.S.C.A. §§ 1331 and 1337.

## II.

Sec. 142(1), Title 29 U.S.C.A., merely defines the term "industry affecting commerce" as used in the act.

Sec. 152(2), Title 29 U.S.C.A., defines the term "employer" as used in said act.

Sec. 152(3) in defining the term "employee" provides that it shall include "any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment".

Sec. 152(6) defines the term "commerce" as used in the act.

Sec. 152(7) defines the term "affecting commerce" as used in the act.

Under Sec. 1331(a), Title 28 U.S.C.A., "the district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and *arises under the Constitution, laws, or treaties of the United States*." (Emphasis supplied.)

And under Sec. 1337, Title 28 U.S.C.A., "the district courts shall have original jurisdiction of any civil action or proceeding *arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies*". (Emphasis supplied.)

## III.

The actions under consideration herein, do not constitute "labor disputes" as defined in the National Labor Relations Act (29 U.S.C.A. § 152(9), neither do they involve boycotts or other unlawful combinations under paragraph (a) of Sec. 187, Title 29 U.S.C.A. under which "whoever shall be injured in his business or property" may, under Par. (b) of Sec. 187, and subject to the limitations and provisions of Sec. 185, Title 29, U.S.C.A., bring an action to "recover the damages by him sustained and the cost of the suit", in any district court of the United States.

They are not, and cannot be, the actions permitted under said Sec. 185, Title 29 U.S.C.A. because these can only be brought by labor organizations against employers or against other labor organizations, or by employers against one or more labor organizations.

In Copra v. Suro, 1 Cir., 236 F.2d 107, at page 113, headnote 4, it was held:

"(4) Furthermore, we doubt very much that § 301 can be invoked as the jurisdictional basis in so far as the suit is one between individuals. It has been argued that the first clause of § 301(a) (see note 1, supra) authorizes suits by individuals so long as such suits are based on contracts between an employer and a labor organization. However, the cases seem all to have held, and on the basis of the purpose and structure of § 301 we tend to agree, that § 301(a) gives jurisdiction only where the suit as well as the contract is between an employer and a labor organization. See Disanti v. Local 53, D.C.W.D.Pa.1954, 126 F.Supp. 747; Silverton v. Rich, D.C.S.D.Cal. 1954, 119 F.Supp. 434; and earlier

cases cited therein and in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 3 Cir., 1954, 210 F.2d 623, 629 note 15. Therefore the original complaint here did not have proper parties on either side, since only individuals were named as plaintiffs and defendants".

See also Samuel Velez et als. v. Juan Perez Roa et als., Civil No. 320–58 of this Court, decided January 9, 1959—(unreported).

■ These actions are mere actions at law for the collection of unpaid wages and overtime brought by the individual plaintiffs, and not by their union, against their employer.

They involve no labor dispute whatsoever, and under no stretch of the imagination can it be conceded that they arise "under the Constitution, laws, or treaties of the United States" as required by Sec. 1331(a), Title 28 U.S.C.A., invoked by the plaintiffs.

■ The fact that collective bargaining agreements may have been negotiated and executed between the Steamship Association and the union, as recognized bargaining representative of the employees of the members of said association, of which defendant's predecessor was a member, and that the Labor Management Relations Act, 1947, 29 U.S.C.A. § 141 et seq. is a law of the United States dealing with the right of employees to bargain collectively through their representative unions or organizations for conditions of employment, including daily hours of work, duration of workweek, rates of compensation for straight time, overtime, night and holiday work, and that such statute provides the fair labor practices in that connection and protects, both labor and management, from unfair labor practices in their mutual relations, and gives specific remedies therefor, does not mean that mere collections of wages and overtime,

as are those involved in these actions, are to be considered as arising under said law of the United States, as required by Sec. 1331, Title 28 U.S.C.A.

The complaints in these actions do not contain any allegation in the sense that the plaintiffs have been deprived by the defendant of any of the rights accorded to them by the Labor Management Relations Act or that the plaintiffs are enforcing here any of such rights. It is not even alleged that defendant has questioned the validity or existence of the collective bargaining agreement or refused to abide by its terms.

Sec. 1337, Title 28 U.S.C.A., also invoked by the defendant in support of this court's jurisdiction, is not applicable here, for the same reasons Sec. 1331 is inapplicable.

It is unquestionable, under the allegations of the complaints that these actions have not arisen under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. Even considering the Labor-Management Relations Act as a law regulating commerce these actions, as stated above, did not arise under said act, and it cannot and has not been claimed, that they arise under any other act of Congress regulating commerce, and, therefore, jurisdiction of this court cannot be supported on said section.

As regards the applicability of Sec. 1331, the court in Copra v. Suro, supra, 236 F.2d at page 113, headnotes 7, 8, further stated:

"(7, 8) Section 301 did not abolish class actions by employees, or other forms of suit by individuals, if they are founded on some other ground of jurisdiction such as diversity. Tisa v. Potofsky, D.C.S.D.N.Y. 1950, 90 F.Supp. 175. But the complaint here did not allege diversity, and it seems clear that all the individual parties are residents of Puerto Rico. Also, the Norris-LaGuardia

Act would preclude the relief sought here even if the action by the ILA trustees or by the employees were sustainable on a basis other than § 301."

Therefore, the only jurisdictional statute which is applicable to the situation here is Section 1332, Title 28 U.S.C.A., and in order to support the jurisdiction of this court under that statute, both diversity and amount in controversy as to the claims of each individual plaintiff must be alleged in the complaint.

See Romero v. International Terminal Operating Co., 358 U.S. 354, at pages 360 to 381, 79 S.Ct. 468, at pages 473 to 485, 3 L.Ed.2d 368.

In view of the "deeply felt and traditional reluctance" of the Supreme Court "to expand the jurisdiction of the federal courts through a broad reading of jurisdictional statutes" (Romero v. International Terminal Operating Co., 358 U.S. at page 379, 79 S.Ct. at page 484), it would be presumptuous for this court to give to the jurisdictional statutes here in question any other interpretation than the one above accorded to them.

The motions to dismiss are granted and the complaints herein must be ordered dismissed for lack of jurisdiction both as to the parties and as to the subject matter, unless the plaintiffs file within a period of 10 days, from the date of notice of this order, amended complaints in which diversity of citizenship and amount in controversy are shown as to each individual plaintiff.

Upon failure of the plaintiff to so amend their complaints within the aforesaid period, and unless it is otherwise ordered by the Court, the Clerk at the expiration of such period will enter judgment dismissing the complaints in both of these actions.