Leopoldo **RAMOS DUCOS**, as International Trustee of Local #610, Gastronomical Union of Puerto Rico, Plaintiff,

v.

Nestor **MALDONADO**, John Doe and Richard Roe, President and Other Members of Local #610, and Hipolito Marcano, President of Federacion del Trabajo de Puerto Rico, Defendants.
Civ. No. 128-62.

United States District Court
D. Puerto Rico,
San Juan Division.

Aug. 8, 1962.

C. Andreu Ribas, San Juan, P. R., for plaintiff.

H. Marcano, Santurce, P. R., Waldman & Waldman, New York City, for defendants.

RUIZ-NAZARIO, Chief Judge.

This action was brought under the Labor Management Relations Act of 1947, Title 29 U.S.C.A. § 185(a) and the Labor-Management Reporting and Disclosure Act of 1959, Title 29 U.S.C.A. § 464(a), by plaintiff Leopoldo Ramos Ducos, as International Trustee of Local No. 610, Gastronomical Union of Puerto Rico, against the president and other members of Local 610, and Hipolito Marcano, President of Federacion del Trabajo de Puerto Rico, requesting this Court to issue an injunction restraining defendants from (a) individually or jointly, in any manner interfering with, hindering, obstructing or interrupting the plaintiff in the fulfillment of his duties

---

as International Trustee of Local 610; (b) from failing and refusing to turn over to the plaintiff possession of the offices and premises occupied by Local 610 at 1317 Fernandez Juncos Avenue, Santurce, Puerto Rico; (c) from failing and refusing to turn over to said Trustee all of the books, records, files, documents, contracts, funds and other property of Local 610; (d) from failing and refusing to cease representing themselves to members or any other persons as representatives of Gastronomical Workers Union, Local 610, or in any way interfering with or impeding the contractual relations of Gastronomical Workers Union, Local 610, with employers and other persons; (e) from failing and refusing to cease interfering with and obtaining of the funds of Local 610 in the Banco Obrero and Chase Manhattan Bank.

Defendants have alleged that this Court lacks jurisdiction to entertain the action. Of course this question must be decided before the other defenses set up in the answer can be considered.

### A.

Jurisdiction under Section 185.

Section 185 reads as follows: "(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or *between any such labor organizations*, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." (Emphasis supplied).

A reading of this section, with attention to the underscored words, shows that it is inapplicable to the situation at bar. This is not an action "between * * * labor organizations", but an action between the international trustee of a local, and members of the same local No. 610, and one Hipolito Marcano, who although he is many things, is not as yet, at least, a labor organization. Therefore it is clear that this Court has no jurisdiction under Section 185.*

Section 464 of Title 29 U.S.C.A. reads as follows: "(a) Upon the written complaint of any member or subordinate body of a labor organization alleging that such organization has violated the provisions of this subchapter (except section 461 of this title) the Secretary shall investigate the complaint and if the Secretary finds probable cause to believe that such violation has occurred and has not been remedied he shall, without disclosing the identity of the complainant, bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate. Any member or subordinate body of a labor organization affected by any violation of this subchapter (except section 461 of this title) may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunction) as may be appropriate."

Obviously, only the last sentence of this section is apposite to the problem now before the Court. Under it a member or subordinate body of a labor organization *affected* by a violation of this Chapter-Subchapter IV, Trusteeships, may bring a civil action in a district court of the United States for appropriate relief. An analysis of the possible violations of the subchapter indicates very strongly that this provision is incorporated in the statute for the protection of, not the trustees appointed by the International, but rather, the members and the local in their position vis a vis the trustee. Thus Section 463(a) (1) secures the right to secret ballot; Section 463(a) (2) prohibits transfers of funds and current receipts from the *subordinate* body (here, Local No. 610). Indeed, from the point of view of Section 464, the jurisdictional shoe is on the

---

*Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 is inapposite here because it was an action between a labor organization and an employer, specifically authorized by Title 29 U.S.C.A. § 185(a).

other foot—the Court would have jurisdiction of an action by Local No. 610 against the plaintiff in this case, if it were shown that he had engaged in the activities proscribed by Section 463. But certainly there is no jurisdiction provided for a similar action by the trustee against the subordinate local. The plaintiff must therefor seek a remedy in the Commonwealth courts, as the federal court has no jurisdiction in the premises.

The action is, therefore, hereby Dismissed.