Guadalupe MENDEZ, Jose Gordian Marin, Andres Rodriguez, Juan Alindato, Guillermo Cedeno, Elias Oliveras, Celso De Jesus, Joaquin Almestica, Manuel Alindato, Efrain Jimenez, Heriberto Banchs, Obdulio Torres, Bienvenido Santiago, Jose Gonzalez Natal, Hector L. Rodriguez, Guillermo Orsini, Pastro Villarini, Elias Nuñez, Ricardo Guilbe, Juan Torres and Juan Mendez, Jr., Plaintiffs,

v.

DISTRICT COUNCIL for the PORTS OF PUERTO RICO, International Longshoremen's Association, Juan Perez Roa, Chairman, Defendants.

Civ. No. 342–61.

United States District Court
D. Puerto Rico,
San Juan Division.

Aug. 29, 1962.

Jose Aulet, San Juan, P. R., and J. R. Lebron, Velazquez, Hato Rey, P. R., for plaintiffs.

Waldman & Waldman, New York City, Hipolito Marcano, Santurce, P. R., for defendants.

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court on the following motions of the defendants:

1. For an order under Rule 12(b) F.R.Civ.P. 28 U.S.C.A. dismissing the complaint herein because

(a) the Court lacks jurisdiction over the subject matter of the action, and

(b) the complaint fails to state a claim upon which relief can be granted.

2. For summary judgment, pursuant to Rule 56(b) of the F.R.Civ.P.

3. Alternatively, for an order under Rule 12(f) of the F.R.Civ.P., to strike certain allegations of Par. 13 of the complaint.

The motion for summary judgment is supported by an affidavit of William V. Bradley dated January 11, 1962.

In opposition to said motion an affidavit of the plaintiffs Elisi Nuñez, Juan Alindato and Elias Oliveras, signed March 1, 1962 was filed.

Defendants filed their memorandum in support of said motions on the date that they were orally argued.

Plaintiffs were then granted a period of ten days to answer said memorandum, but to this date they have not filed any memorandum.

The Court is duly advised in the premises.

I

■ (a) The plaintiffs invoke Sec. 185, Title 29 U.S.C.A. as one of the sources of this Court's jurisdiction over the subject matter of this action.

However, from the complaint it unequivocably appears that the individuals who appear as plaintiffs are neither employers nor labor organizations and that, therefore, this action does not fall within the ambit of the aforesaid provision of law. This Court has already decided this question in previous cases.

See: Burgos v. Waterman Steamship Corp. of Puerto Rico, (D.C.P.R.1960) 189 F.Supp. 683, 685.

Leopoldo Ramos Ducos, etc. v. Nestor Maldonado et als., D.C., 207 F.Supp. 271.

The complaint obviously fails to show that this Court has jurisdiction of the subject matter of this action under Title 29 U.S.C.A. § 185; it rather shows that such jurisdiction does not exist.

(b) The other source of jurisdiction invoked by the plaintiffs is Sec. 412, Title 29 U.S.C.A.

■ The first thing that must be noticed is that the section invoked requires that the action be brought in the district court of the United States for the district *where* the *alleged violation occurred*, or where the *principal office* of such labor organization is located.

Nowhere in the complaint is it specifically alleged either where the alleged violation occurred nor where the principal office of the defendant labor organization is located.

Moreover, the section limits the cause of action exclusively to the redress of infringements of the rights *secured* by the provisions of sub chapter II resulting from any violation of said sub-chapter.

Sub-chapter II consists of Sections 411(a) (1) to (5), (b), to 415, in addition to the aforesaid Sec. 412.

The facts alleged in the complaint fail to establish any specific infringement of any of the rights secured by said sections or sub-sections, except perhaps Sec. 411(a) (1) Equal Rights.

■ Although the allegations of the complaint, in this respect, are mostly general and argumentative, the Court shall construe the same in the light most favorable to the plaintiffs. Therefore, as regards the "equal rights" provision contained in Sec. 411(a) (1) Title 29 U.S.C.A. the Court will not be authorized in holding that the complaint fails to establish its jurisdiction under Sec. 412, Title 29.

This does not mean, however, that such complaint may be sufficient to establish a claim upon which relief may be granted to the plaintiffs under said Section.

Other sub-paragraphs of Section 411 limit the right of members of a labor organization to sue the latter to obtain redress of the infringement of their equal rights, freedom of speech and assembly, dues, initiation fees and assessments, and right to sue for rights accorded to them under sub-paragraphs (1), (2), (3) and (4) of Par. (a), Sec. 411, by providing, as it is provided in the proviso of sub-paragraph (4) "That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, *before instituting* legal or administrative proceedings against such organizations or any officer thereof".

From the affidavit of William V. Bradley, submitted in support of defendants motions it appears that the ILA Constitution contains reasonable hearing and appeal procedures within the four-month period prescribed by the aforesaid exhaustion of remedies Section (§ 411(a) (4), Title 29 U.S.C.A.) and that Sec. 5 of Article XIX of said Constitution expressly requires the members to exhaust such reasonable hearing and appeal procedures, before instituting any legal proceedings against the organization.

Plaintiffs in Par. 12 of the complaint concede the existence of said exhaustion of remedies provision in the ILA Constitution, as well as the provision in said constitution for administrative remedies for the hearing and appeal for the redress of any violation of their rights, but they allege, in said paragraph of the complaint "that they consider it would be *futile to try* to exhaust their administrative remedies within the International Longshoremen's Association as they have been told plainly that it was a "take it or leave it" plan and that the officers of the so-called District Council are acting under strict instructions from the general governing body of the International Longshoremen's Association". (Emphasis supplied).

In the affidavit of three of the plaintiffs filed in opposition to the motion for summary judgment, they further elaborate on the alleged futility.

A similar excuse was alleged in Smith v. General Truck Drivers, etc. Union Local 467 (U.S.D.C.S.D.Cal. Central Division (1960), 181 F.Supp. 14; where the Court held that the exhaustion of remedies clause, contained in Sec. 411(a) (4) Title 29 U.S.C.A. (Sec. 101(a) (4) of the Act) is *unconditional* and dismissed the complaint despite allegations of futility very similar to those alleged in the complaint herein.

There, the Court said, at p. 18:

"If one were permitted to dispense with a necessary administrative step before invoking the jurisdiction of federal courts, which are courts of limited jurisdiction, upon the mere assertion that the tribunal was biased or had ruled or would rule unfavorably and had no power to act, every such requirement could be disregarded at will. The contention is too fantastic to entertain in view of the specific language of the statute. And it has been rejected by the courts whenever made. Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 50–52, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman Steamship Corp., 1946, 327 U.S. 540, 543–545, 66 S.Ct. 712, 90 L.Ed. 839. And see, Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 767–781, 67 S.Ct. 1493, 91 L.Ed. 1796; United States v. Morton Salt Co., 1950, 338 U.S. 632, 652–654, 70 S.Ct. 357, 94 L.Ed. 401; United States v. Western Pacific Railroad Co., 1956, 352 U.S. 59, 63–65, 77 S.Ct. 161, 1 L.Ed.2d 126".

Later on, at p. 19 the following appear:

"For, even if it be assumed that the Executive Board might rule against him, such action would be within their power. The right to decide includes the right to decide wrongly. An erroneous decision is not a deprivation of rights amount-

**920**

ing to a denial of due process. (cases cited)."

See also: Tomko v. Hilbert, 40 CCH Labor Cases, pp. 66, 757 (U.S.D.C.W. Dist.Pa.1960) affirmed on other grounds, 288 F.2d 625 (3rd Cir. 1961).

■ Therefore, the complaint herein fails to state a claim upon which relief may be granted to plaintiffs under Sec. 412, Title 29 U.S.C.A.

■ (c) Plaintiffs also invoke *other pertinent sections* of the Labor Management Relations Act, as amended, and the Labor-Management Reporting and Disclosure Act, but they fail to cite the precise *pertinent* sections to which they refer. They have failed to file any memorandum in that connection.

■ If by such general statement they mean that Sec. 482, Title 29 (Sec. 402, Title IV of the Act) applies to the present action, they have no standing to come to this Court in that connection. Their redress, in that connection, would not be by an action in Court but by a complaint to the Secretary of Labor.

See: Johnson v. San Diego Waiters & Bartenders U. Local 500 (U.S.D.C.S.D. Cal.S.D.1961) 190 F.Supp. 444.

Therefore, the complaint fails to state any claim upon which relief may be granted to the plaintiffs under any so-called pertinent provisions of the aforesaid acts, particularly under Sec. 402, Title IV of the latter act (Title 29 U.S. C.A. § 482).

(d) Plaintiffs lastly invoke Sec. 2201, Title 28 U.S.C.A. as another source of the jurisdiction of this Court in this action.

Said Section is the one that creates the remedy of declaratory relief in the United States Courts, but the granting thereof depends on the existence of an actual controversy *within the court's jurisdiction.*

Absent such controversy the section does not apply.

■ Thus, the complaint fails to establish this court's jurisdiction under said section, it having concluded that the complaint fails to establish claims upon

which relief may be granted to plaintiffs under Sections 412 and 482, Title 29 U.S.C.A., and that it has no jurisdiction under Sec. 185.

Defendants motions to dismiss this action for lack of jurisdiction under Sec. 185 of Title 29 U.S.C.A. as well as under Sec. 2201, Title 28 U.S.C.A., and for failure to state claims upon which relief may be granted to the plaintiffs under Sections 412 and 482 of Title 29 U.S.C.A. or any other so called pertinent sections of said Title, are hereby granted, and the action is ordered dismissed.

It is unnecessary to make any disposition as to the other motions made by the defendant.