**COMMUNICATIONS WORKERS OF AMERICA, Rafael Castro–Torres, Plaintiffs,**

v.

**CWA LOCAL 3010, Angelo Andujar–Vaz, Defendants.**

**Civil No. 09–1003 (FAB).**

United States District Court, D. Puerto Rico.

Jan. 20, 2009.

James A. Toro, Ivan M. Fernandez Law Office, San Juan, PR, Manuel Porro–Vizcarra, Manuel Porro Vizcarra Law Office, Guaynabo, PR, for Plaintiffs.

Rafael Castro–Torres, pro se.

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, District Judge.

Plaintiffs' motion for reconsideration of the denial of their motion for a temporary restraining order (Docket Nos. 4 and 7) is hereby **DENIED** for failure to comply with Fed.R.Civ.P. 65(b)(1)(B).

The Court notes plaintiffs' response to the Show Cause Order and finds that plaintiff Communication Workers of America ("CWA") has standing pursuant to section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), to attempt to enforce the trusteeship as a contractual remedy. *See Int'l Bhd. of Boilermakers v. Olympic Plating Indus., Inc.,* 870 F.2d 1085, 1088 (6th Cir.1989); *Int'l Bhd. of Boilermakers v. Local Lodge 714,* 845 F.2d 687, 691 (7th Cir.1988); *Nat'l Ass'n of Letter Carriers v. Sombrotto,* 449 F.2d 915, 918–19 (2d Cir.1971); *see also*

*United Ass'n of Journeymen and Apprentices v. Local 334,* 452 U.S. 615, 622, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981) ("just as a union constitution is a 'contract' within the plain meaning of § 301(a), so too is it clear that United Association and Local 334 are 'labor organization[s] representing employees in an industry affecting commerce …'").

There is no basis, however, for plaintiff Rafael Castro–Torres to bring suit in his capacity as Temporary Administrator of CWA Local 3010. Section 302 of the Landrum–Griffin Act (also known as the Labor–Management Reporting and Disclosure Act of 1959, "LMRDA") does not confer powers on parent unions, or upon trustees; "it merely limits the authority of those unions to exercise their contractual rights to impose trusteeships on their local affiliates." *Local Lodge 714,* 845 F.2d at 691; *see also Ramos Ducos v. Maldonado,* 207 F.Supp. 271, 272–73 (D.P.R.1962) (Ruiz–Nazario, J.). The LMRA, on the other hand, provides jurisdiction for contract disputes between labor organizations, in this case the CWA and CWA Local 3010, as well as for contract disputes between a labor organization and an employer. 29 U.S.C. § 185(a). This grant of jurisdiction reaches individual members of labor organizations. *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71,* 502 U.S. 93, 103, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991). Thus, the parent or its local affiliate could bring suit under LMRA's section 301, as could an individual member of the union, but a trustee could not unless the trustee himself were a contracting party or an intended beneficiary of the contract containing the trusteeship provision, the Union Constitution. This does not appear to be the case on the record before the Court.

Plaintiffs may have belatedly realized that the LMRA and LMDRA fail to provide a jurisdictional hook for Castro–Tor-

res to utilize in his capacity as trustee. This would explain plaintiffs' addition of a declaration to their motion for reconsideration in which Castro–Torres mentions that he is in fact a member of CWA and of CWA Local 3010. This declaration, however, does not in and of itself retroactively amend the Complaint. For Castro–Torres to continue as a plaintiff in this case, plaintiffs must file an amended complaint in which they state that Castro–Torres is suing in his individual capacity as a union member, not as the Temporary Administrator.

Lastly, plaintiffs are hereby ordered to provide all defendants with copies of all of the filings in this case and a copy of this order by no later than Thursday, January 22, 2009. The motion for a preliminary injunction is hereby referred to a magistrate judge for a hearing. The magistrate judge shall hold the hearing no later than Thursday, February 5, 2009. Upon conclusion of the hearing, the magistrate judge shall submit proposed findings of fact and recommendations for disposition pursuant to L.Civ.R. 72(a)(1).

IT IS SO ORDERED.