[Sac. No. 227.  Department One.—October 15, 1897.]

POWELL S. LAWSON, Appellant, v. ADOLPHUS HEWELL et al., Respondents.

VOLUNTARY SOCIETIES — DISCIPLINE OF MEMBER OF ROYAL ARCH MASONS — RULES—IMPROPER SUIT TO RESTRAIN TRIAL—DEMURRER TO COMPLAINT.—An action will not lie to restrain a voluntary society of Royal Arch Masons from proceeding in accordance with their rules with the trial of a member upon charges of having violated the disciplinary laws of the order, and a complaint in such action which does not charge that the proceedings taken against him are not in accordance with the

rules of the order, or that he has been deprived of any privileges accorded by these rules, and which does not state that the rule which he is charged with violating was not regularly and properly adopted by the grand chapter, and did not receive the approval of a majority of the members of that body, but only charges in general terms that the rule was the result of a conspiracy, and that the charges preferred and the proceedings taken against him are part of the conspiracy, does not state a cause of action, and a demurrer thereto is properly sustained.

ID.—RULES, MATTER OF CONTRACT—DISCIPLINE AGREED UPON—JURISDICTION OF COURTS.—The rules adopted by those who associate themselves in a voluntary fraternal organization, prescribing conditions of membership or of its continuance, and laws of conduct for members, with penalties for their violation, and the tribunal and mode in which the offenses shall be determined and the penalty enforced, constitute their agreement, and, if not contravening some law of the land, are regarded in the same light as the terms of any other contract, and the members must be regarded as having voluntarily submitted themselves by agreement to the disciplinary power of the body in accordance with its rules; and the courts will not interfere unless there is involved the determination of some civil or property right, and then their jurisdiction is limited to inquiring whether the rules prescribed by the organization for the determination of the right have been followed.

ID.—ADOPTION OF RULE BY MAJORITY VOTE—CHARGE OF CONSPIRACY INAPPLICABLE.—It is a misuse of terms to charge that the vote of a majority of the members of a representative body adopting a rule of conduct is the result of a conspiracy; nor can the term "conspiracy" be predicated of the deliberate vote of a governing body.

ID.—POWER AND DISCRETION OF GOVERNING BODY—INTERFERENCE OF COURTS.—The duly chosen and authorized representatives of the members of an order are vested with power and discretion to determine what is for the best interests of the order, and what shall be its internal economy, or whether a change therein is demanded, and the courts have no standard by which to determine the propriety of its rules, nor will they take cognizance of matters arising under and in accordance with them, nor interfere with questions of policy, doctrine, or discipline, nor with the discretion of the governing body, unless there is an arbitrary invasion of private rights.

ID.—REDRESS OF DISCIPLINED MEMBER—RIGHT OF APPEAL EXCLUSIVE.—Where a disciplined member has received notice of a hearing upon a charge of having violated a rule of the order, and is being tried in accordance with its rules, and has a right of appeal to the grand chapter from any adverse decision at the hearing, so long as he has this right of redress within the order, he has no right to invoke the aid of the courts.

ID.—CONTRACT OF MEMBERS—CHANGE OF RULES.—The contractual relation between the members of a voluntary association is to be determined by a consideration of the entire body of the rules governing the association, and is not limited to those existing at the time of a member becoming such; and unless the rules have placed a limitation upon the power of the association to make any change or amendment therein, any amendment or change adopted in accordance with the

mode provided by the association therefor is binding upon each of the members.

ID.—INSUFFICIENT PLEADING AS TO NEW RULE.—The averment in the complaint by a disciplined member that the attempt to expel the plaintiff is a violation of the contract with him, and that the adoption of the rule under which his expulsion is sought created a new condition in his contract, and was in violation of the constitution and laws of the order, is insufficient, in the absence of averments showing the particulars of the contract of membership, and wherein it will be violated, or the particular provision of the constitution which was violated by the adoption of the rule.

ID.—INTEREST IN PROPERTY INCIDENTAL TO MEMBERSHIP—FORFEITURE OF MEMBERSHIP—JURISDICTION OF COURTS.—The interest of a member in the property of the order accumulated by the payment of annual dues by the members, and his right to participate in its disposition, and to be assisted therefrom in case of need or distress, is merely incidental to his membership, and will cease upon his ceasing to be a member, and does not constitute any such interest in property as will prevent his expulsion, if he has forfeited his right of membership by reason of his conduct, or give to the courts the right to prevent the investigation of the charge, or to determine its sufficiency.

APPEAL from a judgment of the Superior Court of Sacramento County.  A. P. Catlin, Judge.

The facts are stated in the opinion of the court.

C. A. Elliott, and Holl & Dunn, for Appellant.

Benefits in a voluntary mutual benefit society constitute the property rights of members, and are subject to the control of the courts.  (*Dolan v. Good Samaritan Court, A. O. F.*, 128 Mass. 437; *State v. Nicholas*, 78 Iowa, 747; *Gorman v. Russell*, 14 Cal. 532; 18 Cal. 688; *Robinson v. Exempt Fire Co.*, 103 Cal. 1; 42 Am. St. Rep. 93; *Olery v. Brown*, 51 How. Pr. 92; *Otto v. Journeymen etc. Union, etc.*, 75 Cal. 308; 7 Am. St. Rep. 156.) The relation sustained by plaintiff toward the order of Royal Arch Masons was contractual and governed solely by the laws of contract.   (Bacon on Benefit Societies, 2d ed., secs. 28, 37, 91, p. 40; *Hyde v. Wood*, 94 U. S. 523; *Protchett v. Shaeffer*, 11 Phila. 169; *Leech v. Harris*, 2 Brew. 587; *Huston v. Reutlinger*, 91 Ky. 333; 34 Am. St. Rep. 225.)   A change or amendment of the contract could not be made without plaintiff's consent.  (*Hogan v. Pacific Endowment League*, 99 Cal. 257; *Smith v. Smith*, 3 Desaus. Eq. 557.)  Courts of equity will grant relief by injunction in aid of members of unincorporated benevolent associations when unjustly dealt with by the society.  (3 Pomeroy's

Equity Jurisprudence, 2073; *Fisher v. Keane*, L. R. 11 Ch. Div. 353; *Lowry v. Read*, 3 Brew. 452; *Leech v. Harris, supra; Olery v. Brown, supra;* Kerr on Injunctions, 562.) Courts will take jurisdiction where the property rights are only incidental to the main object of the organization. (*Gorman v. Russell*, 14 Cal. 532; 18 Cal. 688; *Otto v. Journeymen etc. Union, etc., supra; Huston v. Reutlinger, supra; Metropolitan Baseball Club v. Simmons*, 17 Week. Not. Cas. 153; *Robinson v. Templar Lodge*, 99 Cal. 1; *People v. Musical etc. Union*, 118 N. Y. 1; *Fritz v. Muck*, 62 How. Pr. 69.)

Myrick & Deering, and McKune & George, for Respondents.

The allegations of the complaint as to conspiracy are not admitted by the demurrer. (*Mead v. Stirling*, 62 Conn. 586.) The society must enact and construe its own laws, and enforce its own discipline without interference from the court. (Niblack's Voluntary Societies, secs. 74, 113, 133; *Chase v. Cheney*, 58 Ill. 509; 11 Am. Rep. 95; *Rigby v. Connol*, L. R. 4 Ch. Div. 482; *Burke v. Roper*, 79 Ala. 138; *Supreme Lodge etc. v. Knight*, 117 Ind. 497; *Belton v. Hatch*, 109 N. Y. 594; 4 Am. St. Rep. 495; *Olery v. Brown*, 51 How. Pr. 92; *Hiss v. Bartlett*, 63 Am. Dec. 776; *Black etc. Smith's Soc. v. Vandyke*, 30 Am. Dec. 263; *People v. Board of Trade*, 80 Ill. 134; *Robinson v. Yates City Lodge*, 86 Ill. 598; *State v. Odd Fellows Grand Lodge*, 8 Mo. App. 148.) The power to change rules is incident to the order. (Niblack on Benefit Societies, sec. 114; *Fugure v. Mutual Soc.*, 46 Vt. 369; *Richardson v. Society*, 58 N. H. 189; *Stohr v. Musical Fund Soc.*, 82 Cal. 557; *Supreme Commandery v. Ainsworth*, 71 Ala. 449; 46 Am. Rep. 332; *St. Patrick etc. Soc. v. McVey*, 92 Pa. St. 512; *Lewis v. Wilson*, 121 N. Y. 287; *Supreme Lodge v. Knight, supra.*) A member must first exhaust his remedies in the society before he can appeal to the court. (*Mead v. Stirling, supra; Lafond v. Deems*, 81 N. Y. 508; *White v. Brownell*, 2 Daly, 329; *Osceola Tribe of Red Men v. Schmidt*, 57 Md. 98; *Chamberlain v. Lincoln*, 129 Mass. 70; *Karcher v. Supreme Lodge etc.*, 137 Mass. 368; *Levy v. Magnolia Lodge*, 110 Cal. 297.) The rights of a member in respect of property belonging to the association, are not property interests entitling him to appeal to the courts. (*State v. Odd Fellows Grand*

*Lodge*, 8 Mo. App. 148; Niblack on Benefit Societies, sec. 126–28; *White v. Brownell, supra.*)

HARRISON, J.—The plaintiff has been for many years a member in good standing of Sacramento Chapter No. 3 of Royal Arch Masons, an unincorporated association organized at Sacramento, and one of the subordinate chapters of the grand chapter of Royal Arch Masons of this state. The grand chapter of Royal Arch Masons is the governing body of the subordinate chapters and of the members thereof, and is composed chiefly of representatives from the several subordinate chapters, and has such powers as are granted to it by its constitution. and by-laws, rules, regulations, and decisions based upon said constitution. There are two bodies existing and active in this state, known as the Ancient and Accepted Scottish Rite, one of which was organized under the authority of the Supreme Council of the Ancient and Accepted Scottish Rite of the United States of America, their territories and dependencies, commonly known as the United States jurisdiction, and the other is organized under the authority of what is known as the southern jurisdiction of the Ancient and Accepted Scottish Rite. In 1887 the Grand Chapter of Royal Arch Masons adopted a resolution designating certain bodies whose degrees of Masonry and orders of knighthood it acknowledged to be legitimate and genuine, and declared that any Royal Arch Mason who should thereafter take or receive any so-called Masonic degree or order of knighthood from any man or body of men not thus acknowledged to be legitimate and genuine, or who should be present at or assist in conferring, or should solicit anyone to take, receive, or apply for any Masonic degree or order of knighthood except from one of the bodies acknowledged to be · legitimate and genuine, should be liable to be expelled from all the rights and privileges of a Royal Arch Mason. In the Masonic bodies thus designated as legitimate and genuine the Ancient and Accepted Scottish Rite, organized under the authority of what is known as the southern jurisdiction, was included, and that organized under the authority of what is known as the United States jurisdiction was excluded.

Section 1 of article XXIV of the constitution of the Grand Chapter of Royal Arch Masons provides that when any member

of a chapter shall be accused of unmasonic conduct, charges to that effect may be preferred in writing by any Royal Arch Mason in good standing, and shall be presented to the high priest of the chapter having jurisdiction thereof, and it is also provided by the rules of the grand chapter that upon the application of said high priest the grand high priest may transfer the trial of the accused from the chapter of which he is a member to some other chapter, whenever in his judgment such transfer is necessary or expedient. In May, 1895, the defendant, Vermilyea, a member of said Sacramento Chapter No. 3, presented a charge in writing against the appellant to the defendant Boyd, who was the high priest of said chapter, charging him with conduct unbecoming a Royal Arch Mason, in that he did in February, 1895, openly solicit another member of said chapter to apply for, take, and receive the so-called degrees in the Ancient and Accepted Scottish Rite claiming its authority under the United States jurisdiction, and also that he was and had for a long time been an active member of a body of Masons claiming to be acting under a charter from the United States jurisdiction of the Ancient and Accepted Scottish Rite. Upon the presentation of these charges, the defendant Boyd forwarded the same to the defendant Hewell, who was the grand high priest of the grand chapter, and that officer directed that the trial of the plaintiff upon these charges be transferred to Stockton chapter, No. 28. Thereupon the plaintiff was summoned by the last-named chapter to appear and answer said charges, and to be tried thereon at its hall in Stockton, on August 5, 1895. The members of said Stockton chapter are also made defendants herein. The present action was brought to restrain the defendants from proceeding with the trial of said charges. A demurrer to the complaint was sustained, and the plaintiff has appealed from the judgment entered thereon.

Individuals who associate themselves in a voluntary fraternal organization may prescribe conditions upon which membership in the association may be acquired, or upon which it may continue, and may also prescribe rules of conduct for themselves during their membership, with penalties for their violation, and the tribunal and mode in which the offenses shall be determined and the penalty enforced. These rules constitute their agreement, and unless they contravene some law

of the land are regarded in the same light as the terms of any other contract.   Organizations of this character are not recognized as legal bodies, or as entitled to recognition in courts for the enforcement of their rules, unless there is also involved the determination of some civil right, or some right of property, and in these cases courts are limited to inquiring whether the rules prescribed by the organization for the determination of the right have been followed.   In all matters of policy, or of the internal economy of the organization, the rules by which the members have agreed to be governed constitute the charter of their rights, and courts will decline to take cognizance of any matter arising under these rules.   Whether the rules have been violated, or whether a member has been guilty of conduct which authorizes an investigation by the association or the imposition of the penalty prescribed by it, is eminently fit for the association itself to determine, and, if the investigation is in accordance with its rules, the party charged has no ground of complaint, since it is but carrying into effect the agreement he made when he became a member of the association.   "When men once associate themselves with others as organized bands, professing certain religious views, or holding themselves out as having certain ethical and social objects, and subject themselves to a common discipline, they have voluntarily submitted themselves to the disciplinary power of the body of which they are members, and it is for that society to know its own."   (*State v. Odd Fellows' Grand Lodge*, 8 Mo. App. 148.   See, also, Niblack on Voluntary Societies, sec 113; *White v. Brownell*, 2 Daly, 329; *Mead v. Sterling*, 62 Conn. 586.)

The plaintiff does not charge in his complaint herein that any of the proceedings taken against him have not been strictly in accordance with the rules prescribed for an investigation of the charges against him, or that he has been deprived of any privilege accorded to him by those rules, but he bases his complaint upon the invalidity of the rule which he is charged with violating.   He charges that the adoption of the rule was the result of a conspiracy, and that the charges preferred against him and the proceedings taken for their investigation are a part of this conspiracy, and in furtherance of its objects.   It is not charged that the resolutions establishing this rule were not regularly and properly adopted by the grand chapter, or that they did not re-

ceive the approval of a majority of the members of that body; nor is it claimed that since their adoption there has been any attempt to rescind or modify, them. These rules were adopted in 1887, and as there have been annual meetings of the grand chapter since that date, composed of individuals chosen therefor in each year by the subordinate chapters, and no change has been made in the rule, it must be assumed that it is the deliberate judgment of that body that the conditions therein named are essential qualifications to entitle anyone to become or remain a Royal Arch Mason. It is a misuse of terms to say that the vote of a majority of the members of a representative body is the result of a conspiracy; nor can the term "conspiracy" be predicated of the deliberate vote of a governing body. The charge, moreover, is made in general terms and without any specifications of fact from which a conspiracy can be inferred, and no fact is alleged with reference to the acts of the defendants who are charged as aiding the conspiracy, other than such as appear to have been done for the purpose of enforcing the rules of the grand chapter. Whether it is for the best interests of the order that its members shall not belong to any other orders than those named in the resolutions adopted by the grand chapter, or whether membership in the Ancient and Accepted Scottish Rite of the United States jurisdiction is contrary to the best interests of Royal Arch Masonry, are questions pertaining solely to the internal economy of the order, and are purely of Masonic cognizance. Courts have no standard by which to determine the propriety of the rule, and are not competent to exercise any function in the matter. "The duly chosen and authorized representatives of the members alone are vested with the power of determining whether a change is demanded, and with their discretion courts cannot interfere. Were it otherwise, courts would control all benevolent associations, all corporations, and all fraternities. It is only when there is an abuse of discretion, and a clear, unreasonable and arbitrary invasion of private rights, that courts will assume jurisdiction over such societies or corporations. With questions of policy, doctrine, or discipline courts will not interfere. Courts will compel adherence to the charter and to the purpose for which the society was organized, but they will not do more." (*Supreme Lodge Knights of Pythias v. Knight,* 117 Ind. 489.) The proceedings

against the plaintiff are shown by the complaint to have been taken in strict accordance with the rules of the order. He has received notice of the hearing, and he has shown no facts which authorize the conclusion that he will not receive a fair and impartial hearing. From the decision at that hearing he can seek redress by an appeal to the grand chapter. So long as he has this right of redress within the order he has no right to invoke the aid of the courts.

The averment in the complaint that the attempt to expel the plaintiff by reason of his membership in the forbidden order is a violation on the part of the chapter of its contract with him, as well as the averment that the adoption of the rule by the chapter creates a new condition in his contract, and is in violation of the constitution and laws of Royal Arch Masonry, and was in excess of its jurisdiction, are unavailing as an element in his cause of action, in the absence of averments showing the particulars of this contract of membership and wherein it will be violated, or the particular provision of the constitution which was violated by the adoption of the rule. The contractual relation between the association and one of its members is that which exists by virtue of the rules of the association, and so long as the association acts toward him in accordance with these rules there is no violation of this contract. This relation is to be determined, however, by a consideration of the entire body of the rules governing the association, and is not limited to those existing at the time the individual became a member. Unless the rules at that time placed a limitation upon the power of the association to make any change or amendment therein, any amendment or change adopted in accordance with the mode provided by the association therefor is binding upon each of the members.

The plaintiff does not show that any right of property belonging to him will be affected by the proposed action of the chapter. His averments that the chapter, as well as the commandery and council of which he is a member, have accumulated property by reason of the payment by himself and others of certain annual dues fail to show that he has any severable proprietary right to any portion of this property, as against the body of which he is a member, or any right to its use or enjoyment except so long as he shall remain a member of the body. His alle-

gations in this respect are that the property is owned by him "in common with the other members," and that he, "together with the other members," has a right to participate in the use and disposition of said property, and to be assisted therefrom in case of need or distress. His interest in the property thus appears to be only incidental to his membership, and will cease upon his ceasing to be a member. If he has forfeited his right of membership by reason of his conduct, this interest in the property will not prevent his expulsion, or give to courts the right to prevent an investigation of the charge, or themselves to determine its sufficiency.

The demurrer to the complaint was properly sustained, and the judgment is affirmed.

Van Fleet, J., and Beatty, C. J., concurred.

Hearing in Bank denied.