ROBERT SCHRANK, Individually and as President of Manhattan and Bronx Lodge No. 402, International Association of Machinists, et al., plaintiffs, *v.* HARVEY W. BROWN, Individually and as President of Grand Lodge of the International Association of Machinists, et al., Defendants.

Supreme Court, Special Term, New York County, June 17, 1948.

*Boudin, Cohn & Glickstein* for plaintiffs.

*Jerome Y. Sturm* for defendants.

Pecora, J. Upon this application for a temporary injunction the court is concerned only with the power of the President of the International Union to suspend the individual plaintiff pursuant to the order of April 7, 1948, and the power to direct the " taking over " of the affairs of Lodge 402. The propriety of such action is of no concern to the court, since, the internal affairs of a union will not be interfered with by the courts and the parties will usually be left to their recourse to the machinery for redressing wrongs in the union's rules. Where no power exists under the constitution of the union to act, the court will interfere in the first instance to enjoin an unwarranted exercise of power (*Sullivan* v. *McFetridge,* 183 Misc. 106, affd. 268 App. Div. 962).

Plaintiff Schrank was suspended as President of both Lodge No. 402 and the New York State Council of Machinists, pursuant to a notice dated April 7, 1948, which was signed by defendant Brown as International President. That letter purportedly contains the " charges " against Schrank. Section 5 of article IV of the International constitution provides: " The International President shall have the direction and supervision of all district and local lodges, with full authority to suspend individual members, or district or local lodges, for incompetency, negligence, insubordination, or other failure to properly perform their duties as members of this Organization and for violation of the provisions of the Constitution of the Grand Lodge or the constitution of local lodges."

A careful reading of the letter of April 7, 1948, fails to disclose any charge therein of incompetence, negligence, insubordination or other failure to perform his duties as a member of the organization, or any complaint that he has violated provisions of the constitution of the Grand Lodge or of the local lodge. A suspension for any other reason not specified in section 5 of article IV of the International constitution, would constitute an invalid exercise of power which the court should enjoin.

It is no answer that the president intended to have an immediate investigation to determine whether the suspension was warranted. Before a suspension is ordered, there should be some factual basis therefor. Whether an investigation may or may not disclose a proper basis for the exercise of the president's power under section 5 of article IV, it appears here sufficiently clear that the reasons given in the letter of April 7, 1948, do not fall within the categories listed in that article of the constitution. It is not necessary to decide at this juncture whether fundamental principles of fair play would not necessitate a hearing or trial before suspension, even if the alleged charges were within the purview of section 5 of article IV. Ordinarily the courts will require that charges and a trial precede the extraordinary punishment of suspension. Enough has been stated to indicate that plaintiffs have demonstrated a clear right to temporary relief enjoining the enforcement of the order of suspension of April 7, 1948, on the ground of lack of jurisdiction to issue such order.

For the same reasons the order of the International president directing the " taking over " of Lodge No. 402 was equally an invalid exercise of power. By letter dated April 14, 1948, defendant Brown purported to take over control of Lodge No. 402 and put it under the direction of his deputy, defendant Newman. One need look no further than this letter to see that it does not charge any offense under section 5 of article IV of the International constitution, justifying disciplinary action against the lodge. In effect, the lodge was being disciplined because its membership expressed a protest and criticism about the suspension of Schrank. This court has found hereinabove that plaintiffs have demonstrated that they have a good basis for challenging the power of the International President in suspending Schrank. It would be most unusual to conclude that if the members of Schrank's lodge had voiced their protest against this alleged usurpation of power, the making of such protest

would constitute cause for disciplining the lodge. Fair criticism is the right of members of a union, as it is the right of every citizen. A provision of a union constitution which would suppress protests of members against actions of their officers which such members regarded as improper or opposed to their best interests, would be illegal and unenforcible. Consequently, I conclude, here too, that plaintiffs are entitled to a temporary injunction restraining defendants from acting pursuant to the letter of April 14, 1948, until a final determination of the action.

The motion is, therefore, granted as indicated above. Settle order providing for a bond of $1,000.