[L. A. No. 24422.   In Bank.   Aug. 2, 1957.]

RUSSELL W. MOONEY et al., Respondents, v. BAR-
TENDERS UNION LOCAL NO. 284 (an Unincorporated
Association) et al., Appellants.

Alexander H. Schullman and Abe Mutchnik for Appellants.

Elmer H. V. Hoffman and Harry W. Dudley for Respondents.

GIBSON, C. J.—Defendants, a labor union and its secretary-treasurer, Earl Hyatt, appeal from a judgment which granted a writ of mandate directing that plaintiff, a member of the union in good standing, be permitted to inspect certain of its financial records.

The union is an unincorporated association affiliated with the Hotel and Restaurant Employees and Bartenders International Union, hereinafter referred to as International. Monthly and quarterly statements of the finances of the union prepared by a certified public accountant were available to the members. For several months prior to July, 1955, the statements showed that expenditures exceeded income, and there was no detailed explanation as to certain large outlays. Plaintiff demanded an itemized accounting of all income and expenses of the union from June 1, 1947, to January 5, 1955,

and requested permission to examine all financial records of the union covering the period. The demand was refused by Hyatt, who had control of the records, and his action was upheld by the executive board of the union. The constitution of International provides that, before resorting to any court, a member must exhaust certain remedies, and, prior to bringing this action, plaintiff took all of the required steps except one, i.e., he did not appeal to the executive board of International from the adverse decision of its president.

The court concluded that plaintiff was entitled to a writ requiring defendants to permit him to inspect all records and books of account at any time during business hours. Judgment was entered accordingly.

The principal questions presented on this appeal are whether a member of an unincorporated association has a right to inspect its financial records and whether, if so, plaintiff was required to exhaust his remedies within the union before obtaining judicial relief.

■ At common law a stockholder had a right to inspect the books and records of the corporation at a proper time and place and for a proper purpose. (See *Hobbs* v. *Tom Reed Gold Min. Co.*, 164 Cal. 497, 501-502 [129 P. 781] ; *Johnson* v. *Langdon*, 135 Cal. 624, 626 [67 P. 1050, 87 Am.St.Rep. 156] ; *Webster* v. *Bartlett Estate Co.*, 35 Cal.App. 283, 285 [169 P. 702] ; 18 C.J.S. 1176-1177 ; *cf. Mushet* v. *Department of Public Service*, 35 Cal.App. 630, 636 [170 P. 653].) It is provided by statute that all corporate records in this state shall be open to inspection upon the written demand of any shareholder at any reasonable time for a purpose reasonably related to his interests as such. (Corp. Code, § 3003.) ■ The courts will also act in a proper case for the purpose of protecting the property rights of a member of an unincorporated association and will enforce, so far as applicable, the rules applied to incorporated bodies of the same character. (See *Otto* v. *Journeymen Tailors' P. & B. Union*, 75 Cal. 308, 313 [17 P. 217, 7 Am.St.Rep. 156] ; *Oil Workers Intl. Union* v. *Superior Court*, 103 Cal.App.2d 512, 571 [230 P.2d 71].) ■ It would seem clear that a member of an unincorporated labor union is entitled to inspect its financial records.

■ Provisions in union constitutions requiring the exhaustion of internal remedies are generally recognized by the courts as binding on the members. (*Holderby* v. *International Union etc. Engrs.*, 45 Cal.2d 843, 846 [291 P.2d 463] ; *Lawson* v. *Hewell*, 118 Cal. 613, 618-619 [50 P. 763, 49 L.R.A. 400].)

This rule, however, is subject to certain exceptions. Thus the internal procedure must be such as will afford an accused member substantial justice, and further pursuit of internal relief is excused when a union violates its rules for review or when invocation of those rules would be futile. (*Cason* v. *Glass Bottle Blowers Assn.*, 37 Cal.2d 134, 143 [231 P.2d 6, 21 A.L.R.2d 1387]; *Holderby* v. *International Union etc. Engrs.*, *supra*, 45 Cal.2d 843, 847.) In the application of these principles we must weigh both the protection of the rights of the individual members in the specific matter involved and the right of the union to govern itself. (*Cf. Cason* v. *Glass Bottle Blowers Assn.*, *supra*, 37 Cal.2d 134, 143.)

Interference by the courts in the internal affairs of a union is justifiable under certain circumstances on the basis of public policy. (*James* v. *Marinship Corp.*, 25 Cal.2d 721, 734 [155 P.2d 329, 160 A.L.R. 900]; *Cameron* v. *International Alliance*, 118 N.J.Eq. 11 [176 A. 692, 697, 97 A.L.R. 594]; *Crossen* v. *Duffy*, 90 OhioApp. 252 [103 N.E.2d 769, 778]; *Schrank* v. *Brown*, 80 N.Y.S.2d 452, 455.) Opportunity for employment in the trades in most places depends upon union membership. A union administers health, welfare and pension programs for its members and acts for them in collective bargaining as to wages, hours and working conditions. For these and other reasons, it is generally recognized that the activities of a union are not only of great concern to its members but also have considerable impact upon the public.

Among the factors to be considered in determining whether interference by the courts in the internal affairs of a union is warranted on the basis of public policy is the nature of the right asserted by the member. The inspection of records is merely a preliminary step, and, if the manner, time and place are reasonable, the examination cannot harm any proper union activity. Only after examination of the records can it be determined whether or not conditions exist which require correction. To deny a member access to the records and require him to exhaust all internal remedies in the preliminary matter of inspection would unduly hamper the member's right and possibly defeat the purpose of the investigation. On the other hand, it is to the best interests of the union that any misuse of its funds be immediately revealed, and it would serve no useful purpose to require that the examination of the books be delayed until the member has followed the procedure required by the union in ordinary matters.

Plaintiff's request for permission to make an inspection was

denied by the officers of defendant local union who had charge of the books and records, and we are of the view that it was unnecessary for him to exhaust the appellate procedure required by the International's constitution before applying to the courts for relief.

There is no merit in defendants' claims that plaintiff came into court with unclean hands and that he is guilty of laches.

The judgment is affirmed.

Shenk, J., Traynor, J., Schauer, J., Spence, J., and Mc-Comb, J., concurred.

CARTER, J.—I concur in the judgment of affirmance. Here the court agrees with my dissent in *Holderby* v. *International Union etc. Engrs.*, 45 Cal.2d 843, 849 [291 P.2d 463], and I adhere to the views there expressed. This decision in effect overrules the Holderby case. The only distinction between the cases is that in the Holderby case the expulsion of a member from a union was involved while here the inspection of the union's financial records is sought by a member. In fact, this case is less strong for not applying the exhaustion of union remedies than was the situation in the Holderby case, as in the latter, the ability to find employment was involved. Since the plaintiff there had lost his membership in the union it was gravely doubtful that he could obtain employment—the means of making a living, while in this case the consequences are far less serious, that is, a failure to obtain inspection of the records. If we must, as is said by the majority, "weigh both the protection of the rights of the individual members in the specific matter involved and the right of the union to govern itself" then the scales are more heavily balanced in favor of not requiring exhaustion of remedies within the union in the Holderby case than here. Moreover, whether or not a person retains his union membership is of less consequence to the union than whether its records shall be inspected. Those records go to the heart of the whole internal organization of the union more than whether one person does or does not retain his membership.

To my mind there can be no justification for requiring a member of an organization to exhaust his remedy in the organization when he is denied a legal right as obvious as the one to which he is here entitled or the one in the Holderby case.