Filed 11/22/13  DeVore v. Heritage Provider Network CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GREGGORY R. DeVORE, etc., | B244534 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC484067) |
| v. | |
| HERITAGE PROVIDER NETWORK, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph R. Kalin and Robert H. O'Brien, Judges.  Reversed.

Barnhill & Vaynerov, Steven M. Barnhill and Maxim Vaynerov; Klapach and Klapach, Joseph S. Klapach for Plaintiff and Appellant.

Fenton Nelson, Henry R. Fenton, Benjamin J. Fenton and Joseph B. Fenton for Defendants and Respondents.

# I. INTRODUCTION

Plaintiff, Greggory R. DeVore, M.D., a medical corporation, appeals from an October 2, 2012 judgment of dismissal. Dr. Devore personally is not a party to this appeal. The trial court sustained a demurrer by defendants: Heritage Providers Network, Inc.; Eastland Medical Group, Inc.; Community Medical Group of West Valley, Inc.; Lakeside Medical Group, Inc.; and Regal Medical Group, Inc. The trial court ruled plaintiff's claims were barred because it failed to exhaust its administrative and judicial remedies. We conclude failure to exhaust internal administrative or judicial remedies may not serve as a proper ground to sustain the demurrer in this case. Accordingly, we reverse the judgment of dismissal. Upon remittitur issuance, the complaint is to be reinstated.

# II. BACKGROUND

## A. Complaint

On May 4, 2012, plaintiff filed a complaint against Heritage Provider Network, Inc. and its wholly owned affiliates: Eastland Medical Group, Inc., Community Medical Group of West Valley, Inc., Lakeside Medical Group, Inc., and Regal Medical Group, Inc. Plaintiff is a medical corporation owned by Dr. DeVore, a fetal and maternal medicine specialist. Beginning in 2000, plaintiff entered into various provider contracts with defendants for provision of medical services to their insureds.

On January 5, 2012, an employee of Regal Medical Group, Inc. sent a letter notifying plaintiff of its intent to terminate the fee-for-service contract effective May 4, 2012. This fee-for-service agreement was between plaintiff and Regal Medical Group, Inc. The termination was pursuant to the "termination without cause" provision of the contract. In response to the termination letter, plaintiff called Dr. James Ingaglio who

authorized the January 5, 2012 letter be sent. Plaintiff requested an explanation for the termination and sought reinstatement of the provider contract. Plaintiff alleges: "In response, Dr. Ingaglio confided to Dr. DeVore that Regal, Lakeside and Affiliates was decreasing its number of approved medical specialists providing Obstetrics care to its enrollees, such as Dr. DeVore, and consolidating that care under a lesser number of medical specialists. Dr. Ingaglio further confided to Dr. DeVore that the motive for taking such action was to discourage enrollees from utilizing such medical specialty services by increasing the patient wait time to receive such services. . . . Dr. Ingaglio suggested that perhaps the matter could be resolved informally, and requested Dr. DeVore to have his legal counsel contact Jonathan Gluck, [defendants' counsel.]" On January 24, 2012, Mr. Gluck allegedly stated no reason was required for termination of the contract and defendants would not reconsider their decision.

On March 23, 2012, plaintiff received three additional termination letters. Plaintiff was notified its contract with Lakeside Medical Group, Inc. would be terminated effective May 23, 2012, under the termination without cause provision. Also, plaintiff's contract with Eastland Medical Group, Inc. was terminated effective June 23, 2012 under the termination without cause clause. In addition, plaintiff's contract with Community Medical Group of West Valley, Inc. was terminated without cause effective May 23, 2012. Plaintiff alleges the termination of the contracts with defendants was based on improper "economic credentialing." Plaintiff asserts causes of action for: intentional interference with the provider contracts; wrongful termination of the contracts and violation of due process; and violations of Business and Professions Code section 17200, et seq. There is no allegation in the complaint concerning the existence of any internal administrative procedure that relates to these claims.

B. Demurrer

On July 5, 2012, defendants demurred to all causes of action. Defendant argued the trial court had no jurisdiction over the matter because plaintiff failed to exhaust its

3

administrative and judicial remedies. Although defendants did not concede plaintiff was entitled to common law fair procedure, they nevertheless offered it a hearing on June 28, 2012. Defendants secured judicial notice of a June 28, 2012 letter which states in part: "In those prior notices, we informed you that we were terminating the Fee-for-Service relationship between the aforementioned medical groups and your practice, pursuant to the "Without Cause" provision contained in each Specialist Agreement. [¶] [Defendants] have subsequently decided to offer you an administrative fair hearing to contest those actions, upon your request. Although you received separate notices with respect to the different medical groups, we have decided, based on considerations of efficiency, to provide a single hearing with respect to all of these entities. [¶] While we believe that we have the right to take the actions without case, nevertheless, we will provide you, upon request, with notice specifying the grounds for the actions taken and the procedures that will be employed to provide you with reasonable opportunity to respond thereto." The letter has no heading on it and is signed by Dr. Ingaglio. Dr. Ingaglio states the letter was sent on behalf of defendants. Plaintiff filed an opposition to the demurrer on August 16, 2012. Plaintiff argued there was no failure to exhaust remedies because defendants refused to offer a hearing prior to the contract termination and commencement of the legal action. As noted, there is no allegation in the complaint concerning even the existence of any internal procedure.

At the August 30, 2012 hearing, the trial court sustained defendants' demurrer with 10 days leave to amend. On September 11, 2012, the trial court entered an order sustaining the demurrer based on plaintiff's failure to exhaust his administrative and judicial remedies. Plaintiff elected not to amend, expressing an inability to amend the complaint. On October 2, 2012, the trial court ordered the complaint dismissed with prejudice and entered a judgment of dismissal. Plaintiff filed a notice of appeal on October 12, 2012.

4

## III.  DISCUSSION

### A.  Standard Of Review

On appeal from an order sustaining demurrer, we assume all the facts alleged in the complaint are true.  (*Sheehan v. San Francisco 49ers, Ltd.* (2009) 45 Cal.4th 992, 998; *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)  In addition, we consider judicially noticed matters.  (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42; *Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6.)  We accept all properly pleaded material facts but not contentions, deductions or conclusions of fact or law.  (*Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6; *Serrano v. Priest* (1971) 5 Cal.3d 584, 591.)  We determine de novo whether the complaint alleges facts sufficient to state a cause of action under any legal theory.  (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors, supra,* 48 Cal.4th at p. 42; *McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)  We read the complaint as a whole and its parts in their context to give the complaint a reasonable interpretation.  (*Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  We may affirm an order sustaining demurrer only if the complaint fails to state a claim under any possible legal theory.  (*Sheehan v. San Francisco 49ers, Ltd., supra,* 45 Cal.4th at p. 998; *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 810.)

### B.  Exhaustion Of Internal And Judicial Remedies

In *Westlake Community Hospital v. Superior Court* (1976) 17 Cal.3d 465, 476-477 (*Westlake*), our Supreme Court stated, "[T]he exhaustion of remedies doctrine fully applies to actions seeking damages for an allegedly wrongful termination of or exclusion from membership in a private association."  The black letter statement of California law

adopted in *Westlake* is as follows, "[W]e conclude initially that before a doctor may initiate litigation challenging the propriety of a hospital's denial or withdrawal of privileges, he [or she] must exhaust the available internal remedies afforded by the hospital." (*Id.* at p. 469; accord *Eight Unnamed Physicians v. Medical Executive Com.* (2007) 150 Cal.App.4th 503, 511.) Generally, a physician must exhaust private internal remedies before he may institute a tort action for damages. (*Westlake, supra* 17 Cal.3d at p. 469; *Nesson v. Northern Inyo County Local Hosp. Dist.* (2012) 204 Cal.App.4th 65, 84; *Payne v. Anaheim Memorial Medical Center, Inc.* (2005) 130 Cal.App.4th 729, 737.) In addition, an aggrieved doctor must first set aside the quasi-judicial decision in a mandate action before initiating litigation. (*Ibid.*; *Shahinian v. Cedars-Sinai Medical Center* (2011) 194 Cal.App.4th 987, 1003.) An exhaustion of remedies requirement serves to eliminate or mitigate damages. (*Westlake, supra,* 17 Cal.3d at p. 476; *Nesson v. Northern Inyo County Local Hosp. Dist., supra,* 204 Cal.App.4th at p. 85.) But exhaustion of internal remedies doctrine does not apply if the remedy is futile, inadequate or is insufficient. (*Mooney v. Bartenders Union Local No. 284* (1957) 48 Cal.2d 841, 844; *Payne v. Anaheim Memorial Medical Center, Inc., supra,* 130 Cal.App.4th at p. 740.)

In *Westlake,* our Supreme Court concluded the plaintiff could maintain an action for damages against Los Robles Hospital, which did not provide her an administrative remedy. (*Westlake, supra,* 17 Cal.3d at p. 477.) Under the hospital's bylaws, only a member, not an applicant, had a right to appeal denial of an appointment. (*Ibid.*) The Supreme Court reasoned the exhaustion doctrine was inapplicable because the hospital's bylaws did not allow plaintiff to contest denial of her application for staff privileges. (*Ibid.*) In addition, defendants never informed plaintiff that she could appeal her rejection under the hospital bylaws. (*Ibid.*)

Similarly, plaintiff's action is not barred under the exhaustion doctrine. There is no allegation within the complaint or the judicially noticed letter that any procedure existed at any time during the parties' contractual relationship to contest the terminations. Defendants offered plaintiff a nonspecific quasi-judicial remedy on June 28, 2012, more

6

than seven weeks after the complaint was filed. Moreover, the hearing was proffered by defendants one week before they demurred to the complaint. At the demurrer stage it is impossible to discern that an adequate remedy which affords fair procedures was offered to plaintiff. Where there is no quasi-judicial internal procedure to remedy a grievance, plaintiff is not obligated to "exhaust" such remedy before proceeding in court. (*Payne v. Anaheim Memorial Medical Center, Inc., supra,* 130 Cal.App.4th at p. 744; *Palm Medical Group, Inc. v. State Comp. Ins. Fund* (2008) 161 Cal.App.4th 206, 226 [medical provider did not fail to exhaust administrative remedies where insurer had no formal administrative review process for denial of admission into the preferred provider network].)

Furthermore, plaintiff is not required to exhaust judicial remedies by filing a mandamus petition before proceeding with its lawsuit for damages. Defendants terminated the contracts with plaintiff under the termination without cause provision. There is no allegation defendants notified plaintiff of any hearing when they sent the contract termination notices to Dr. DeVore. Defendants' counsel allegedly told plaintiff no reason was required for termination of the contracts. Mr. Gluck, defendants' lawyer, said they would not reconsider their termination decision. Defendants did not offer plaintiff a hearing until after the lawsuit. There is no allegation or judicial noticeable evidence any procedure existed prior to suit being filed. Defendants' decision to terminate its provider contracts with plaintiff was not undertaken pursuant to a quasi-judicial proceeding. Because defendants did not afford plaintiff a hearing before terminating the contracts, plaintiff may institute a tort action for damages. (*Potvin v. Metro. Life Ins. Co.* (2000) 22 Cal.4th 1060, 1063, 1072-1073 [physician may sue insurer for violation of fair procedure after insurer removed him from preferred provider list without providing him reasonable notice or an opportunity to be heard before removal]; *Westlake, supra,* 17 Cal.3d at p. 478 [aggrieved doctor may institute tort action for damages when hospital denied staff privileges without a hearing].) And, as noted, there is no basis for concluding any adequate remedy with fair procedures which applies to plaintiff existed before suit was filed. Based on the complaint's allegations and the post-

filing judicially noticed letter, the demurrer could not be sustained on failure to exhaust internal remedies grounds.

## IV.  DISPOSITION

The judgment of dismissal is reversed.  The complaint is ordered reinstated upon remittitur issuance.  Plaintiff Greggory R. DeVore, M.D., a medical corporation, is to recover its appeal costs from defendants Heritage Providers Network, Inc., Eastland Medical Group, Inc., Community Medical Group of West Valley, Inc., Lakeside Medical Group, Inc., and Regal Medical Group, Inc.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

KUMAR, J.[*]

---

[*]  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8